ALBANY,
Jan. 1812.

THE PEOPLE
v.
STEVENS.

---

## THE PEOPLE *against* STEVENS, SHERIFF, &c.

Where a declaration is filed *in chief,* after receiving notice of special bail, it is a waiver of any exception to the sufficiency of the bail, though the bail piece was not actually filed in the clerk's office, at the time the notice was given; and the plaintiff cannot, on the ground of the insufficiency of the bail, proceed against the sheriff.

THE defendant was brought up by an attachment issued against him, for not bringing in the body of *David Richardson,* at the suit of *Rufus Backus,* pursuant to a rule of the court for that purpose.

It appeared that the *capias ad respondendum* was returned by the defendant endorsed *cepi corpus,* at the *August* term, 1801, Three persons became special bail for the defendant in that suit, of which notice was given to the plaintiff's attorney. After receiving notice of bail, the plaintiff's attorney filed a declaration *in chief.* The bail piece was not, in fact, filed at the time the notice was given; but was, afterwards, filed in the clerk's office, when the plaintiff's attorney entered an exception on the bail piece; and afterwards, in *June,* 1811, proceeded to rule the sheriff to bring in the body of the defendant.

*Crary,* for the defendant.

*J. Russel,* contra.

*Per Curiam.* By filing a declaration *in chief*, after receiving notice of the bail, the plaintiff's attorney waived his exception to the sufficiency of the bail, and it made no difference, that the bail piece was not, at the time, actually filed. That omission could not prejudice the plaintiff, as the court, upon application, would have compelled the defendant's attorney to have filed the bail piece, *nunc pro tunc.* The sheriff should have shown this matter, upon the rule to show cause. As he omitted to do it, he must pay the costs of the attachment, and will then be entitled to be discharged. This ground for the discharge being sufficient, it becomes unnecessary to inquire whether the plaintiff's delay, for more than nine months, to call on him for bail, was not also sufficient to discharge him, according to the doctrine in the cases of *The King* v. *Sheriff of Surry*, (7 *Term Rep.* 452.) and of *The King* v. *Perring.* (3 *Bos. & Pull.* 151.)