Ives *v.* Van Auken.

---

## IVES *v.* VAN AUKEN.

A reservation, in a deed, is always of something issuing or coming out of the thing or property granted, and is not a part of the thing itself. And, to be a good reservation, it must be to the grantor or party executing it, and not to a stranger to the deed.

Where the plaintiff, being the owner of land on which there was a well of water, conveyed the land to T., "*reserving* a privilege in the well, for the lots owned by B. on the east and D. on the west," *it was held,*

1. That this was a reservation, and not an exception.

2. That the rule of law, in construing such a reservation, is to hold to a strict construction of the words used, as against the grantor; and in case of any uncertainty or ambiguity, the party against whom the reservation is made is entitled to the benefit of it.

3. That under this rule of construction the reservation was inoperative, for the reason that it was not made to the grantor, and the clause did not admit of a construction which would give it to him; and that it could not be made to a stranger to the deed.

4. That the clause was to be construed as a reservation to B. and D., and not to the grantors; notwithstanding the fact that the latter, at the time of making the conveyance to T., was in possession of the D. lot, under a contract to purchase the same.

THE plaintiff, being the owner of a house and lot upon which there was a well of water, conveyed the premises to one Anna Tompkins "*reserving* a privilege in the well,

for the lots owned by Joshua Brown on the east, and Ogden Drake on the west." This action only involves the right of the Drake lot to the use of the well. The reservation states that the lot for which the plaintiff now claims the reservation was, at the date of the said conveyance, owned by Drake; and such was the fact. The plaintiff claimed that inasmuch as, at the time of this conveyance containing the reservation, he, the plaintiff, was in the possession of the Drake lot, under a contract of purchase from Drake. We should construe this as a reservation to the plaintiff himself, and not to Drake. And this presents the real question in the case. The defendant holds and claims the well under a conveyance of the lot upon which it is situated, directly from Anna Tompkins, the plaintiff's grantee.

*By the Court,* MASON, J. It is the proper office of an exception in a deed, as distinguished from a reservation, to exempt from the operation of the deed a part of that which is granted or comprised within the generality of its terms. It must be of such a part as is severable from the rest. (1 *Preston's Shep. Touch.* 78. 21 *Wend,* 290. 4 *Edw. Ch. R.* 711. 1 *Seld.* 33.) The character of a reservation is always of something issuing or coming out of the thing or property granted, and not a part of the thing itself; and to be a good reservation, it must always be to the grantor. or party executing it, and not to a stranger to the deed. (1 *Preston's Shep. Touch.* 80. 1 *Seld.* 33, 38. 18 *Bacon's Abr.* 460. *Whitlock's case,* 8 *Co.* 69. 8 *John.* 73, 75.) Nor can a condition be reserved to a stranger to the deed. (4 *Kent's Com.* 127. 12 *Barb,* 460.) This is most clearly a reservation, and not an exception; and the question presented depends upon the construction to be put upon the reservation. The rule of law, in construing such a reservation, is to hold to a strict construction of the words of the reservation, as against the party whose words they are. And so strict is the rule in this respect, that if any advantage

can be gained from any uncertainty or ambiguity in the words, the party making the reservation is not entitled to it, but the party against whom the reservation is made is entitled to the benefit of it. (1 *Prest. Shep. Touch.* 88. 3 *John.* 387. 8 *id.* 394, 400. 1 *Seld.* 33, 40.) Applying this rule of construction to the reservation in the plaintiff's deed to Anna Tompkins, I can come to no other conclusion than that this reservation is wholly inoperative, for the reason that *it is* not made to the grantor, and cannot be made to a stranger to the deed. The reservation is as follows: "Reserving a privilege in the well for lots owned by Joshua Brown on the east, and Ogden Drake on the west." Now it cannot be pretended that a reservation to either Brown or Drake would be valid, for they are strangers to the deed. Nor can a reservation to their lots be made, for their use. The reservation cannot be allowed to the plaintiff, for the reason that applying the strict rule of construction which the law imposes against him, the reservation does not admit of a construction which would give it to the plaintiff. Upon a fair construction of the clause, it may be held a reservation to Brown and Drake. The reservation states that the lot for which the plaintiff now claims the reservation was at that date owned by Drake; and such was the fact.

Upon this state of the case, no one could doubt but we should hold it a reservation to Drake, and no one else. The plaintiff claims that as, at the time of this conveyance containing the reservation, the plaintiff was in possession of the Drake lot under a contract of purchase from Drake, we must construe this as a reservation to him, and not to Draek. The difficulty with this argument is, that it requires us to reverse entirely the rule of construction in regard to reservations, because when the fact is admitted that the plaintiff was in possession of this Drake lot, under a contract to purchase, the question still remains, on the construction of the reservation, whether the plaintiff did not, in fact, intend to reserve it to Drake as owner of the title, instead of himself

as owner in equity; and if there is any ambiguity in this respect, and any advantage can arise from the uncertainty, the law gives it to the defendant, and not to the plaintiff. There is no intimation in the reservation that the plaintiff had any interest in the Drake lot, or that he intended to reserve to himself any privilege in regard to this well in question. On the contrary, so far as we can derive any intent from the language of the reservation, it was to reserve this privilege to Drake as owner of the lot.

The plaintiff, perhaps, supposed that as Drake was the owner, and he was under contract to convey the lot to him, it would be as well to make the reservation to Drake, and he would take it by conveyance from him.

At any rate, it is a very forced construction of this reservation to hold it as made to the plaintiff, who is in nowise referred to or mentioned in it; and as he must claim, if at all, upon the plain and strictest construction of the language of the reservation, I do not see how we can give it to him. I advise that a judgment be entered for the defendant, with costs to be taxed.

Judgment for the defendant.

[Otsego General Term, July 14, 1857. *Gray, Shankland* and *Mason,* Justices.]