James Bridger, Respondent, v. Henry R. Pierson, Appellant.

(General Term, Seventh District, September, 1869.)

The defendant conveyed land to the plaintiff, with warranty, "reserving always a right of way, as now used, on the west side, &c., from the public highway to the piece of land now owned by R.," &c., and afterward quit-claimed to plaintiff his interest in said land; whereupon, plaintiff obstructed the way reserved. R. had a prescriptive title to the same right of way, and sued the plaintiff, and obtained judgment for damages on account of the obstruction, and for repossession, and was put into possession under the judgment; the plaintiff then brought an action, on the warranty, against the defendant, who, though duly notified, had neglected to defend the suit by R., for the costs and damages recovered in such suit.—*Held*, the covenant of warranty in defendant's deed covered the prescriptive right of R., and the possession of R. enforced under the judgment, was an ouster of plaintiff, and he was entitled to recover.

The right of way was reserved, and not excepted by the deed, and could be construed as having been made for the grantor's benefit only.

This action was brought, to recover costs and damages, collected on a judgment against the plaintiff, recovered in an action for obstructing the right of way, of one Reeves, over plaintiff's premises.

The action was referred, and judgment rendered on the referee's report in favor of plaintiff, from which defendant appealed.

It was shown, that the plaintiff had purchased from the defendant, the premises over which the way ran, and received from the latter a deed with the usual covenant of warranty, and also containing the following clause: "Reserving always a right of way, as now used, on the west side of the above described premises, for cattle and carriages, from the public highway to the piece of land now owned by Samuel B. Reeves, lying north, and adjoining the premises herein conveyed." After this conveyance, the defendant executed to the plaintiff, for a consideration of five dollars, a quitclaim deed of the same premises; the plaintiff then closed or obstructed the way, and was thereupon sued by Reeves, who

claimed a prescriptive right to use the way; Reeves recovered judgment, establishing his right, and for damages and possession, and obtained possession under the judgment.

The plaintiff, at the commencement of the action against him by Reeves, notified the defendant thereof, and requested him to defend the same, and the defendant neglecting to do so, incurred expenses in defending the action, and brought this suit, as stated above.

*L. M. Morton,* for the appellant, presented the following, with other grounds for reversal:

The language of the exception or reservation is clear and unambiguous. It was a reserve of the way as "*now used*" to go on to Reeves' land.

Had Reeves undertaken to establish a right of way, over these premises, through or by virtue of the reservation or exception in the deed from Pierson to Bridger, there can be no question, but as to him, this exception or reservation would be void, as he is a stranger to it; and this is what the authorities hold which were cited by plaintiff's counsel on the trial. (See *Hornbeck* v. *Westbrook,* 9 John., 73; *Ives* v. *Van Auken,* 34 Barb., 567.)

But Reeves had a right of way, over the land embraced in the reservation in Pierson's deed. And all Pierson did in his conveyance to Bridger was to use apt language to protect himself and limit his covenant for quiet enjoyment, so that the paramount rights of Reeves should not be construed as a breach of it. And this, we say, he has accomplished.

*S. K. Williams,* for the respondent.

Present, E. D. SMITH, DWIGHT and JOHNSON, JJ.

By the Court—JOHNSON, J. Upon the facts found by the referee, the conclusions of law are unquestionably correct. The deed from the defendant to the plaintiff is deemed, in law, to have conveyed the entire and exclusive title to the premises therein described, with all the rights incident to a

perfect and exclusive ownership, except such rights as were reserved by the terms of the instrument. The reservation is of a right of way only, as the same was then used. This was a reservation to the grantor only, and not to any stranger or third person whatever. No other person could claim or have any right to the premises conveyed, or to anything growing out of the same by reason of this reservation. This is the settled rule of construction in regard to reservations in conveyances, and has been from time immemorial. (1 Prest. Shep. Touch., 78; Whitlock's case, 8 Co., 69, *b*; *Hornbeck* v. *Westbrook*, 9 Johns., 73; *Ives* v. *Van Auken*, 34 Barb., 566.) A reservation is always of something issuing or coming out of the thing granted, and not a part of the thing itself. So that the entire and absolute estate was granted by the conveyance in question, with the reservation of the right of way over a particular part, to the grantor only. The covenant in the deed assures to the grantee the quiet and peaceable possession and enjoyment of the entire premises without exception or reservation, save that to the grantor, against any and all other persons lawfully claiming such premises or any right therein. The subsequent quit-claim deed from the defendant to the plaintiff must be held, undoubtedly, to have extinguished the right of way reserved by the first grant, or to have vested it in the plaintiff, which is the same thing. But this is of no moment in this case, as neither the reservation in the first grant, nor the quit-claim, affected at all the rights of Reeves, who claimed a right prior to the plaintiff's title, under his deed from the defendant. This right, it appears, Reeves established in an action as one existing in him, prior and superior to the plaintiff's, and the plaintiff's right and title were, by the judgment of the court, made subservient to that of Reeves; and Reeves has been put into possession and the enjoyment of his right of way over the plaintiff's lands. This is unquestionably an ouster, so far as this right is concerned; and it is equally certain that it was embraced in the covenant in the defendant's grant to the plaintiff. It was against any prior and paramount right in another, that the grantor under-

took to warrant and defend. It is claimed, on the part of the appellant, that the covenant should not be construed so as to embrace this right which Reeves had before the plaintiff's grant, for the reason that it is evident that this was the right which the defendant intended to except and reserve from the grant. But the parties must be held to have intended just that, which is the legal effect of the instrument. This is clearly a reservation, and not an exception. There are cases, where, though the word "reservation" only is used, the courts will hold it to be an exception; as where the reservation is of a distinct and severable part of the thing granted, as in the case of *Borst* v. *Empie* (1 Seld. 33). But here the reservation is not of the thing granted, but only of something pertaining to the thing granted, or issuing out of it. This is the distinction between an exception and a reservation. And a reservation, as matter of law, being only to the grantor himself, it follows that the covenant here, covered all other outstanding rights. The defendant had notice to defend the action brought by Reeves, and failed to do so. He is, therefore, bound by that judgment, and this action was well brought.

The judgment must, therefore, be affirmed.

Judgment affirmed.