STEVENS V. ADAMS.

*Action — trespass quare clausum fregit — plaintiff's possession — reservation to stranger in deed.*

Trespass *quare clausum fregit* lies however temporary plaintiff's interest may be, even though it be merely in the profits of the soil as *vestura terræ*, etc., if it be in exclusion of others.

Plaintiff brought an action against defendant for breaking into his close and destroying the crops. The evidence showed that the title to the lands entered was in plaintiff's wife. Plaintiff's witnesses testified that the crops injured were plaintiff's. *Held* sufficient to sustain a finding in favor of plaintiff.

Defendant justified his entry by claiming a right of way, and showed a reservation of a right of way in a deed from a third party to the plaintiff. *Held,* that defendant did not acquire a right of way under such reservation. A reservation cannot be made by a deed to a person not a party to such deed.

THIS action was brought in the supreme court, after a plea of title in a justice's court, and was tried before Mr. Justice DANIELS and a jury April 16th, 1873. A verdict was given for the plaintiff. The court ordered the motion for a new trial upon exceptions to be heard in the first instance at the general term. The material facts appear in the opinion.

*Thayer & Benedict,* for plaintiff.

The reservation in the deed conferred no right upon the defendant, he not being a party to it. *Ives* v. *Van Auken,* 34 Barb. 566; *Craig* v. *Wells,* 11 N. Y. 315.

The testimony of plaintiff and his son, that plaintiff was owner of the crops, was sufficient to overcome the presumption that they belonged to the owner of the land. *Austin* v. *Sawyer,* 9 Cow. 43; *Harris* v. *Frink,* 49 N. Y. 24.

*J. H. Shearer,* for defendant.

Plaintiff's wife having the legal title to the premises, and living upon them, could alone maintain the action. *Gage* v. *Dauchy,* 34 N. Y. 293; *Smith* v. *Babcock,* 36 id. 167; *Vandervoort* v. *Gould,* id. 639; *Buckley* v. *Wells,* 33 id. 518; *Knapp* v. *Smith,* 27 id. 277; *Wilcox* v. *Wilcox,* 48 Barb. 327; *Haight* v. *Badgeley,* 15 id. 499; *Miller* v. *Decker,* 40 id. 228; *Garrity* v. *Haynes,* 53 id. 596; *Leland* v.

*Tousey*, 6 Hill, 331; *Gidney* v. *Earl*, 12 Wend. 98; *Foote* v. *Colvin*, 3 Johns. 216; *Phillips* v. *De Groat*, 2 Lans. 192; *Rowe* v. *Smith*, 45 N. Y. 230; *Van Etten* v. *Currier*, 3 Keyes, 329; *Merchant* v. *Bunnell*, id. 539; *Kluender* v. *Lynch*, 4 id. 361.

Since the Code, no recovery for damage to personal property can be had, in an action *quare clausum fregit*, unless the plaintiff is in the actual possession, having a right thereto, of the close broken into. *Lyke* v. *Van Leuven*, 4 Denio, 127; S. C. on appeal, 1 N. Y. 515; *Howe* v. *Wielson*, 1 Denio, 181; *Houghtaling* v. *Houghtaling*, 5 Barb. 379.

MULLIN, P. J. This action is brought to recover of the defendant damages for breaking and entering his close, in the town of Elma, in the county of Erie, and destroying the crops of plaintiff growing thereon. The complaint contained but a single count. The defendant in his answer justifies his entry under a right of way to which he was entitled over the *locus in quo* and insists that the injury done, if any, was passing on and over such right of way. On the trial it was proved that the title to the farm on which plaintiff lived was in his wife. The plaintiff was examined as a witness, and testified that he lived on the farm, he called it and the crops raised upon it his, he says I owned the wheat, clover and oats, " that being the property destroyed, but no evidence was given of any conveyance by his wife, of any title to, or interest in, said land to him, or of right to use or occupy said land, unless it is to be inferred from the fact that he lives and works upon it. Plaintiff's son testified that the wheat and clover injured belonged to his father. Upon the evidence I think it must be assumed, that the plaintiff was the owner of the crops, and as owner in lawful possession of the land on which they grew. Trespass *quare clausum fregit*, lies however temporary the plaintiff's interest, and though it be merely in the profits of the soil as *vestura terrae*, etc., etc., if it be in exclusion of others. So when a person contracted with the owner of a close for the purchase merely of a growing crop of grass thereon, it was decided that the purchaser had such an exclusive possession of the close, though for a limited purpose that he might maintain an action of trespass *quare clausum fregit*, against any person entering the close and taking the grass, even with the assent of the owners of the soil. So one who sows or plants lands on

shares may support the action against a stranger, who enters and treads down the corn. 1 Chitty Pl. 201.

The learned judge was right in refusing to nonsuit the plaintiff or to direct a verdict against him, because it was not shown that he had such right to the possession as entitled him to bring the action. Proof of title in the wife did not deprive plaintiff of the right of possession, which is presumed from his ownership of the crops. The interest and rights of the husband and wife are not inconsistent with each other. The defendant, had he cross-examined the plaintiff and his witnesses, might have shown that he carried on the farm as agent of his wife, and that the crops were hers, not his. No such attempt was made, and we must give the plaintiff the benefit of the presumption which results from proof of ownership of the crops. If he could consistently, with the title of the wife own the crops, we must assume for the purposes of the case, that he acquired title in that character.

The defendant did not acquire the right of way insisted upon in the answer under the reservation made in the deed from Chester Adams to the plaintiff. A reservation cannot be made to a person not a party to the deed. *Cary* v. *Wells,* 11 N. Y. 315; *Ives* v. *Van Auken,* 34 Barb. 566.

The defendant must rest his justification on the paper which is called in the case a receipt. That paper is dated the 20th March, 1867, which is the same day as the date of the deed from Chester Adams to the plaintiff, and acknowledges the receipt of $10 in full for right of way reserved to him in said deed, and being on the brink of the hill on the south side of the premises described in said deed.

The plaintiff alleged and gave evidence tending to prove that this paper and the reservation in the deed were fraudulent as to the location of the right of way intended to be reserved and conveyed. The defendant gave evidence tending to prove that the location of the way was read to and understood and assented to by the plaintiff.

Among other evidence given by the plaintiff was the contract entered into between him and Chester Adams for the purchase and use of said land in the fall before the date of the deed, and in that contract the way was reserved across the south part of the premises without any other description of the location.

The jury having found a verdict for the plaintiff they must have

proved the reservation of the way upon that part of the premises where the trespass was committed, to have been fraudulently executed, and in the deed it was for that reason void, and no protection to the defendant.

The disposition made of the question considered above, disposes of the exceptions to the charge, and refusal to charge as requested.

A new trial is denied and a judgment ordered for the plaintiff on the verdict.

*Ordered accordingly.*