## KAHOOHULI *vs.* HAMAUKU *et al.*

### EXCEPTIONS TO ORDER OF JUDD, C.J.

HEARING, JANUARY 24, 1890.     DECISION, FEBRUARY 6, 1890.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

A deed to Hamauku of land on King street, Honolulu, described by Royal Patent, " excepting that portion on the North (or right hand) portion of the house lot, where the dwelling house stands—that shall be for young Hoohuli and his heirs," etc.   Hoohuli brought suit to recover this part of the land of Hamauku's heirs.

Held, on demurrer, that the portion of the lot where the house stands was not made the subject of a grant to Hoohuli, and its reservation did not give title to him.

### BY THE COURT.

Upon consideration of the pleadings and the law in this case, we are opinion that the demurrer should be sustained, and we therefore confirm the decision of the Chief Justice, upon the reasoning and authorities therein.

*A. Rosa*, for plaintiff.

*W. A. Kinney*, for defendants.

### OPINION OF CHIEF JUSTICE JUDD, APPEALED FROM.

This is an action of Ejectment brought at the April Term, 1887, to recover possession from one John Hamauku of a piece of land on King street opposite Kawaiahao Church.

The then defendant demurred to the declaration in that it did not set forth the nature and extent of the estate claimed

by plaintiff. At the July Term, 1887, the plaintiff, with the leave of the Court, filed an amendment to the declaration. The case went over the January Term, 1888, it not being reached. At the Special Term, February, 1888, the parties waived a jury. On the 27th March, 1888, the defendant died and plaintiff filed, on the 8th November, 1889, a suggestion to this effect, and moved that Paalaa, widow, and Edwin, Iokepa and Keoni, minor children of said J. Hamauku, be substituted as defendants. The motion was granted and service made upon Paalaa and on W. O. Smith, the Probate guardian of the minors.

By the amended declaration plaintiff claims title to the premises in dispute, in fee simple, by virtue of a clause in a deed of Hana Haalilio to John Hamauku, the original defendant, dated the 19th April, 1869.

To this the defendants now demur that the deed referred to discloses no title in the plaintiff, or, if any title, not the title claimed by plaintiff.

The plaintiff bases his claim to the premises on the deed to the defendant's ancestor, John Hamauku. This deed is made by Hana Haalilio and conveys to St. John Hamauku all the grantor's land on the Island of Oahu; and particularly describes the various parcels, some five in number, in consideration of fifty dollars paid to her by said John Hamauku, and describes him as her " keiki," which may mean son or nephew. He was, I believe, her nephew and she had no children of her own. Among the lands granted is " the piece of land at Kawaiahao on King street, mauka of the church, which was awarded in my name, being Royal Patent No. —— and the area being —— acre, more or less, excepting however that portion on the north (or right hand) portion of the house lot where the dwelling house stands ; that shall be for young Hoohuli and his heirs, and if he shall die without heirs then it shall belong to St. John Hamauku and his heirs. The annual receipts and rents of the place mentioned in this paper (deed) shall belong to the one whose name is mentioned as stated in this paper (deed). And the said place cannot be sold as long they both live on good terms and are not opposed to each other.".

The claim of the plaintiff Peter Kahoohuli is based upon the clause of the deed above recited.

I consider that this clause excepts out of the estate granted to Hamauku the lot where the dwelling house stands. It is not a technical *reservation*, for it does not create a new right in behalf of the grantor out of the estate granted and which did not exist as an independent right before the grant. See Tiedman Real Estate, §843.

Chancellor Kent defines a reservation to be a clause in a deed whereby the grantor reserves some new thing to himself issuing out of the thing granted and not *in esse* before. 4 Kent, p. 468.

A common illustration would be the right of the grantor to take wood or water from the granted premises for a limited term.

The clause in question creates an exception, for it withdraws from the operation of the conveyance some part of the thing granted, which but for the exception would have passed to the grantee under the general description. Tiedman Real Estate, §843 ; 3 Washburn R. P., p. 645 (Ed. of 1876.) Here the part of the premises on King street where the dwelling house stands is excepted. It is a part of the land granted to Hamauku, and would go to him under the general description were it not for the exception. But the difficulty in this case is that it is not excepted to the grantor and her heirs and made the subject of a valid, independent grant by her to the plaintiff, Kahoohuli. If it were so, the plaintiff's title would be good. But it is an exception to a stranger to the deed, and without consideration moving from him.

By the authorities Hoohuli would take nothing.

In *Corning vs. Troy Factory*, 40 N. Y., 209, Stephen Van Rensselaer conveyed a farm, without reservation or exception, to Jeremiah Lansing. Lansing conveyed the same premises to David Defreest "excepting and always reserving one acre of land on the south side of the creek, etc., unto Stephen Van Rensselaer, his heirs and assigns forever." The Court held that the exception in the deed prevented this one acre from vesting in Defreest, but that it was wholly inoperative to vest in Van Rensselaer any title.

In *West Point Iron Co. vs. Reymert*, 45 N. Y., 707, the Court held that " a reservation in a deed will not give title to a stranger, but it may operate, when so intended by the parties, as an exception from the thing granted and as notice to the grantee of adverse claims as to the thing excepted or reserved."

" A reservation in a deed saving to the public any right they may have to take seaweed from the premises confers no right upon any one having no other right." *Hills vs. Lords*, 48 Me., 83. Here the Court say, " such a reservation in a deed confers no rights, *proprio vigore*, upon any one. It merely saves the grantor, upon his covenant against incumbrances, from any liability, if such rights have been previously granted or acquired." See also *Richardson vs. Palmer*, 38 N. H., 212 : *Ives vs. Van Auken*, 34 Barb., 566.

In *Hornbeck vs. Westbrook*, 9 Johns., 72, a deed contained a proviso that the inhabitants of Rochester should be allowed to cut and carry away wood from any part of the land conveyed, etc. The Court held the proviso to be null and void. " If the inhabitants were incompetent to take an estate at law, by that name, a reservation to them in a deed in fee to a third person would be equally void. But such a covenant or reservation to any third person would be void. A person who is not a party to a deed cannot take anything by it, unless it be by way of remainder. The grantor cannot covenant with a stranger to the deed." See *Moore vs. Earl of Plymouth*, 3 B. & A., 71.

I am of the opinion that Peter Kahoohuli, plaintiff, takes nothing by the exception in the deed and that the demurrer must be sustained. This view is strengthened by the clause at the end of the deed of the grantor Hana Haalilio, wherein her husband, W. H. Kahoohuli, in consideration of the sum of twenty dollars paid to him by St. John Hamauku, assents and conveys all his right in the property of his wife to St. John Hamauku, his heirs and assigns, as stated in this deed. No assent by the husband to the exception (calling it a conveyance to the plaintiff) can be shown, and without it the married woman's conveyance of her land would be void.

Demurrer sustained.