# Tutwiler Coal, Coke & Iron Co. v. Tuvin.

## Malicious Prosecution and False Imprisonment.

1. *Trespass; Trespass to Realty; Entry.*—Where one stationed guards at entrance to premises with discretion as to the admission of persons, and such guard admits a person, the original entry on the premises of such person is rightful.

2. *Same; Rental.*—If, under the contract of rental, the right to have persons visit the house on business or pleasure is acquired, one who crosses the lands of the landlord of necessity to get to the rented premises, either on invitation or on business, is not guilty of trespass in exercising such right; and where the right is acquired under the contract it cannot be taken away by mere notice to such person so long as the rental contract remains in force.

3. *Easements; Ways; Ways of Necessity.*—Where one acquires land so surrounded by other lands that ingress and egress to and from it cannot be had save over other lands, and there is no stipulation or circumstance in the conveyance showing a contrary intent, the law gives the right of way of necessity, which is appurtenant to the conveyance of the land; the owner of the land having the right to designate the way, and failing, the purchaser has the right, and if neither designates the way, then the one used by common consent will be considered the way.

4. *Same; Lease.*—A lease for a long or short period carries with it the incidents of a conveyance and the lessee occupying the lands entirely surrounded by the lands of his landlord is, in the absence of stipulations to the contrary, entitled to the same ingress and egress that a purchaser would have; and where the landlord leases to the tenant a portion of his lands for occupation as a dwelling, etc., and there is no agreement to the contrary, the tenant has the right to use all such apparent ways as are reasonably necessary to the enjoyment of the property, and the owner cannot exclude the tenant from the reasonable use of such ways and cannot exclude therefrom other persons who desire to use such ways for the purpose of visiting the tenant's dwelling on business or pleasure, provided such use puts no additional servitude on the landlord's other land.

5. *Same; Ways; Necessity; Presumption.*—While a way of necessity is a matter of presumption, and may be restricted by special contract, yet, in the absence of such a contract or a statute, the way will be presumed to be for the use of the owner and his family, and he may license others to use it for the purpose of going to or coming from the premises.

6. *Same.*—A way appurtenant to an estate may be used by those who own or lawfully occupy any part thereof, and by persons lawfully going to or from such premises, whether mentioned in the grant or not.

7. *Same.*—Where an employe in a mine leases a house on the premises of the employer, he acquires a way of necessity over the prem-

42—8

[Tutwiler Coal. Coke & Iron Co. v. Tuvin.]

ises to and from the house, which is presumptively one for the convenience of the employe so long as the necessity exists, and he may invite persons to visit him either socially or on business, and such persons travelling the way are not trespassers, where the lessee has extended the invitation either actually or by implication.

8. *Same.*—Where a person desires to visit a lessee for the purpose of collecting a debt, though it might be inferred that such person was authorized by the lessee to come for that purpose, the mere desire of such person to go to the house of the lessee, without an invitation, direct or implied for that purpose, would not be a legal excuse for entering on the way.

9. *Same.*—An invitation by a tenant who possesses a way of necessity over the premises of the landlord to a third person to visit him is not an assignment of the easement of the right of way, but the exercise of a right which defendant possessed.

10. *False Imprisonment and Malicious Prosecution.*—A complaint alleging that defendant, acting through agents, who were acting within the line and scope of their employment, maliciously and without probable cause, procured a warrant for the arrest of plaintiff, that by virtue of the warrant plaintiff was arrested and imprisoned for a day, and subsequently brought before a court for trial, and by that court adjudged not guilty, states a cause of action for false imprisonment, if not for malicious prosecution.

11. *Malicious Prosecution; Action; Evidence.*—In an action for malicious prosecution, growing out of a prosecution for trespass upon the premises of defendant, where it was shown that plaintiff entered the premises with a view of visiting the tenant thereon to collect a debt, and that he entered on a way of necessity, provided by defendant, it was competent to show whether the debt was due from defendant or not, whether there was any other way to reach tenant's house, and whether the way in question was the way usually travelled, since it tended to shed light on the question of the way of necessity, and as to whether such way had been established by consent.

12. *Same.*—Where there was evidence tending to show that the entry was made after the plaintiff had been warned according to law, it was incompetent to show whether plaintiff was molesting the property of defendant or not, since the offense was complete when plaintiff entered upon the premises.

13. *Same.*—Proof that the president of the defendant corporation was present at the trial of plaintiff for trespass after warning was admissible for the purpose of showing the part taken by such president in such prosecution.

14. *Same.*—Where it appeared that plaintiff entered on the premises by the consent of guards placed thereon by the defendant, it was proper to permit the president of the defendant corporations to testify as to the authority delegated by him to the guards, since if they had authority to admit persons into the premises, a person entering by such permission could not be guilty of such trespass.

15. *Same; Damages; Attorney's Fees.*—Where the complaint in a malicious prosecution fails to specifically claim attorney's fees as damages, testimony as to attorney's fees is not admissible; and if the claim is made for attorney's fees the amount recoverable is the amount proven to be reasonable, and it is not admissible to show an agreement to pay certain amounts.

[Tutwiler Coal. Coke & Iron Co. v. Tuvin.]

16. *Same; Evidence; Jury Question.*—Where the evidence was in conflict as to whether the arrest was made on the charge of refusing to leave defendant's premises after having entered, or for having entered unlawfully previously, and plaintiff was arrested by an officer, the general charge to find for the defendant on the count in false imprisonment on the grounds that the arrest was made by an officer in whose presence the offense was committed (Section 6269-6273, Code 1907), was properly refused.

17. *Trial; Instruction; Asserting no Proposition of Law.*——An instruction asserting that defendant was in possession of the premises on which plaintiff was at the time he was arrested, asserts no proposition of law and its refusal was proper.

18. *Same; Affirmative Charge.*—Where there is conflict in the evidence as to any material question, the affirmative charge is always properly refused.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by Abe Tuvin against Tutwiler Coal, Coke & Iron Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Count 4 was as follows: "Plaintiff claims of defendant $10,000 damages, for that on, to wit, September 14th, defendant, acting by and through its agents, whose name or names are unknown to the plaintiff, who were acting within the scope of their employment, maliciously and without probable cause therefor caused one R. H. Smith to procure from W. H. Wooden, a justice of the peace for Jefferson county, Ala.,his warrant for apprehending plaintiff and bringing him before the criminal court of said county, and that by virtue of said warrant plaintiff was arrested and imprisoned for a long period of time, to wit, one day, and was subsequently brought before the criminal court of Jefferson county for trial, which court adjudged the plaintiff not guilty of the charge under which he was arrested, and that said prosecution was so ended, whereby plaintiff was injured in his credit and reputation, and has suffered in mind and body, and has been prevented from carrying on his business and has incurred expenses in defending himself."

Demurrers were interposed to said count as follows: "(1) It does not appear from said count that defendant did not have probable cause for having plaintiff arrested and imprisoned. (2) It is not alleged for what alleged offense plaintiff was arrested and imprisoned. (3) It is not alleged that R. H. Smith was the agent of defendant, or that he was acting for defendant in the procurement of his warrant of arrest. (4) No facts are alleged in said count showing that the arrest and imprisonment of plaintiff was done or caused by defendant maliciously or without probable cause."

The facts sufficiently appear in the opinion of the court.

The following charges were given at plaintiff's request: (3) "I charge you that if you find from the evidence that Minsu was rightfully and with defendant's leave occupying a house on defendant's land, and plaintiff in good faith for the purpose of transacting business with Minsu went to his house by the road usually traveled and the nearest and most feasible way, and therefore went on defendant's land, plaintiff was not guilty of trespass after notice." (8) "I charge you that it is the law that if the owner of a tract of land leases to a tenant a portion of the same for occupation as a dwelling, and there is no agreement to the contrary, the tenant has the right to use all such contiguous or apparent roads and ways as are reasonably necessary to the enjoyment of the property which he has leased, and the owner cannot exclude the tenant from the reasonable use of such roads and ways, and cannot exclude therefrom persons who with defendant's permission, express or implied, desire to use such roads and ways, for the purpose of visiting the tenant's dwelling in order to transact business with him."

The following charges were refused to defendant: (15) "I charge you that the desire of plaintiff to go ro

the house of Minsu to collect a bill would not be either
legal cause or good excuse, within the meaning of the
law, to justify him in either going on the premises of de-
fendant after being warned not to do so, or his failure
to leave said premises after being requested to do
so." (17) "I charge you that under the undisputed evi-
dence the defendant was in possession of the premises on
which plaintiff was at the time he was arrested." (18)
"I charge you that, although Minsu may have had the
right to go and come over the lands of defendant, this
right would not in any way inure to plaintiff's benefit
and even if you believe from the evidence that Minsu
rented the house from defendant, and thereby acquired
the right to have persons visit his house on business or
pleasure, and go over defendant's land in doing so, that
the forbidding by defendant of persons going to such
house would not give such person any right of action, or
violate any right of such person."

PERCY & BENNERS, for appellant. The prosecution
was based upon section 7827, Code 1907. That the plain-
tiff was guilty of the offense charged is a complete de-
fense to an action of malicious prosecution, notwith-
standing the acquittal of plaintiff.—*Whitehurst v.
Ward,* 12 Ala. 264; 19 Am. & Eng. Enc, of Law, page
690; *Threefoot v. Nichols,* 8 So. Rep (Miss.) 335; *Bell
v. Pcracy,* 5 Fred. 83. A private way is a right of pas-
sage over or under another person's tenements which
belongs to and is for the use of individuals, one or more,
as distinct from a way that is used by the public in gen-
eral; and such a way is an easement.—23 Am. & Eng.
Enc. of Law, pages 3, 4. A license in the law of real
property is an authority to do an act or a series of acts
upon the land of the person granting the license without
actually conferring on the licensee any estate in the

land.—18 Am. & Eng. Enc. of Law, 1127. The difference between an easement and a license is, the former implies an interest in the land while the latter does not. An easement must be created, as we have said above, by deed or prescription, while a license may be by parole. The former is a permanent interest in the realty while the later is a personal privilege to do some act or series of acts upon the land of another without possessing any estate therein *and is generally revocable at the will of the owner of the land* in which it is to be enjoyed.— *Hicks Bros. v. Swift Creek Mill Co.,* 133 Ala. 411-419; *Riddle v. Brown,* 20 Al.a 412; *Turner v. City of Mobile,* 135 Ala. 127-8. The action can be maintained also where the license does not involve possession by the licensee. Thus, where one attempts to enter and sport over lands under a revoked license, trespass will lie.—*Hayward v. Grant,* 1 C. & P. 448, 11 E. C. L. 446; See, also *Hydge v. Graham,* 1 H. & C. 593, 32 L. J. Exch. 27, 8 Jur. N. S. 1229, 7 L. T. N. S. 563, 11 W. R. 119, where trespass was sustained after revocation of a license to use a right of way.—18 Am. & Eng. Enc. of Law, page 1130. The road in question was not such a road as plaintiff could claim the right to pass over as a matter of right.—*Mc-Dade v. State,* 95 Ala. 30; *Harper v. State,* 109 Ala. 67: *Cross v. State,* 147 Ala. 125. The good excuse referred to in the statute which will justify a trespass, is such as arises from an unavoidable trespass and not from the mere desire or convenience of the trespasser. Thus if a man's horse should run away and carry him on the lands of another, since such a state of affairs is unavoidable, it would constitute a good excuse for the resulting trespass.—See a discussion of the Acts which will constitute an excuse, justification and protection in a civil action for trespass in 28 Am. & Eng. Enc. of Law, page 558 et seq.; 2 Greenleaf on Ev. Secs. 627-629;

[Tutwiler Coal. Coke & Iron Co. v. Tuvin.]

*Milner v. Milner,* 101 Ala. 599. The good faith of the trespasser constitutets no justification of the trespass.— *Allison v. Little,* 85 Ala. 512-517, Sub-division 5. The fact that plaintiff and others may have generally passed over defendant's premises prior to the time that defendant placed the gate across the road and had its premises patrolled would not furnish any justification or excuse to plaintiff for going on them.—*Wilson v. State,* 87 Ala. 117. It was a question of law for the Court whether or not plaintiff had the right to pass over defendant's lands.—*Holland v. State,* 139 Ala. 120.

GEORGE HUDDLESTON, for appellee. A complaint which does not show the offense charged by the warrant under which the arrest was made is insufficient as counting for malicious prosecution, but where it alleges a malicious arrest without probable cause it will be construed as a good complaint for false imprisonment.—*Davis v. Sanders,* 133 Ala. 275; *Rich v. McInerny,* 103 Ala. 345; *Leib v. Shelby Iron Co.,* 97 Ala. 626; *Ragsdale v. Bowles,* 16 Ala. 62; *Sheppard v. Furniss,* 19 Ala. 760; *Sou. Car Co. v. Adams,* 131 Ala. 147. Where the record shows that the complaint as a whole fully and sufficiently advised the defendant of the cause of action upon which each count was based, and that no improper burden of proof was on the trial actually imposed on the defendant by reason of the form of the pleadings, error in overruling a demurrer to one of the counts of the complaint will be treated as harmless and will not be reviewed.— *Finney v. Erie, etc., Co.,* 109 Ala. 485; 2 Sou. Dig. 166; 2 May. Dig. 128, 176. Where the owner of real estate conveys a portion by lease, all such continuous and apparent easements in the portion conveyed as are reasonably necessary for the enjoyment of the property pass to the grantee, giving rise to easements by implied grant.

—*Gaynor v. Bauer,* 144 Ala. 448; *Walker v. Clifford,*
128 Ala. 67. And a lease of a dwelling accessible only
by a road passing over the landlord's adjacent lands,
carries with it an implied right of way to the tenant to
pass over the road, and persons desiring to visit the
tenant's dwelling for social or business purposes may,
on his invitation, pass over the road without being liable
for trespassing, and are not guilty of trespass after
warning for traveling the road in a proper and usual
time and manner, notwithstanding the landlord may
have warned them not to enter on his lands.—*Nave v.
Berry,* 22 Ala. 382; Taylor's Landlord & Tenant, Secs.
172, 176, 178; 1 Wash. Real property, p. 578, (5th Ed.);
Teideman's Real Property, Sec. 176; 23 A. & E. En. Cyc.
of Law, 25; *Abbott v. Butler,* 59 N. H. 317; *Dand v.
Kingscote,* 6 Mee. & Wells, 174; *Watts v. Kelson,* 40
L. J. Ch. 126; *Mahler v. Brunder,* 92 Wis. 477. Ease-
ments are never presumed to be personal, but are al-
ways construed to be appurtenant to the estate.—*Mc-
Mahon v. Williams,* 79 Ala. 290. A person having a
right of way over another's property is liable as a tres-
passer if he departs from the right of way or uses it for
another purpose than that for which it was granted,
or to molest the owner's property.—*Shroder v. Brenne-
man,* 23 Pa. St. 348; *Coleman's Appeal,* 62 Pa. 275. The
conduct and movements of defendant, who had caused
plaintiff's arrest, at the time of plaintiff's trial are com-
petent as tending to show defendant's interest in the
prosecution and as bearing on the question of an improp-
er motive on its part.—*Motes v. Bates,* 74 Ala. 374;
*Gamble v. Fuqua,* 48 Ala. 448. A charge which asserts
no proposition of law may be refused.—*Morrison v.
State,* 46 Sou. Rep. 646.

SIMPSON, J.—This suit was brought by the appellee
against the appellant for malicious prosecution and false

imprisonment. One Minsu was an employe of the defendant, working in its mines, and occupied a house on the land of the defendant, so situated that it could not be reached except by passing over the lands of defendant. There was a road over the premises, which had been used by employes and others, but which it was admitted was not a public road. There was a strike among defendant's employes, and the defendant had placed a gate across said road, and put a lock thereon, and stationed guards at the gate to prevent persons from entering the premises, and this status had continued for three or four months. The plaintiff approached the gate on horseback having in his possession an account against said Minsu for collection in favor of a furniture house in whose employment he was. After stating his business to the guard, he was permitted to enter the premises, but was afterwards stopped. It may be well to state, in the outset, that if the plaintiff, on merely stating that he wished to go in to collect a debt, entered upon the land with the permission of the guards placed at the gate, clothed by defendant with the discretion to admit persons, he could not be convicted for trespass in the original entry on the premises, whatever might have been his liability for the unlawful refusal to leave the premises after being requested so to do.

The first assignment of error insisted on is that numbered 36, which claims error in the refusal of the court to give charge No. 18 requested by the defendant. There was no error in refusing this charge. If Minsu, in renting the house, "thereby acquired the right to have persons visit his house on business or pleasure, and go over defendant's land in so doing," then no one for whom said right had been thus acquired could be guilty of trespass in exercising such right; and, if it was a right acquired by the contract of renting, it could not be taken

away by a mere notice to such person, so long as the contract of renting remained in force.—*Proudfoot v. Saffle,* 62 W. Va. 51, 57 S. E. 256, 12 L. R. A. (N. S.) 482.

Charge No. 15, requested by the defendant and refused, brings up the important point specially contended for in this case, and that is, whether the plaintiff in this case, having in his hands a claim for collection against Minsu, had a right to go to his house over the private road through the defendant's lands against the objection of the defendant. It is a well-recognized principle of law that if A., owning a large tract of land, conveys to B., a portion which is so surrounded by A.'s lands that B., cannot have ingress and egress to and from the land bought, save through the land of A., and there be no stipulations and circumstances showing a contrary intention, the law gives to B., a way of necessity, and, as this way of necessity attaches to the conveyance of the land, it is appurtenant to it. A., has the right to designate the way, and if he fails to do so then B., has the right. If neither designates it, but a way is used by common consent that will be considered the way.—2 Washburn on Real Property (3d Ed.) pp. 282 (*31), 306 (*51); Tiedman on Real Property, § 609; 23 A. & E. Ency. Law, p. 13; *Benedict v. Barling,* 79 Wis. 551, 48 N. W. 670; *Ellis v. Bassett,* 128 Ind. 118, 27 N. E. 344, 24 Am. St. Rep. 421; 14 Cyc. p. 1204. A lease for a period, long or short carries with it the incidents of a conveyance; so that a lessee, occupying lands surrounded by the lands of his landlord, would, in the absence of stipulations to the contrary, be entitled to the same ingress and egress that a purchaser would have.

While a way of necessity is a matter of presumption, and may be limited or restricted by special contract, yet, in the absence of any stipulation or statute, it is

presumed to be for the use of the owner, his family, and
his employes; and he may license others to use it for the
purpose of coming to or going from the dominant es-
tate.—23 A. & E. Ency. Law, p. 25; 14 Cyc. 1208. In
a case where a right of way over a private alley was
granted, with no specifications as to how it should be
used, the grantor undertook to block up the way so as
to leave the grantee only the right to pass over it on foot,
while the grantee claimed that he was running a milk
house and had a right to use it, by himself, his employes,
and customers, either on foot or in vehicles; and the
Chancery Court of New Jersey held that "a footway, a
wagonway, a passage for horses or other animals, are
all permissible uses of a way; * * * nor is the
owner of the way limited to its use by himself in propria.
The way belongs to him as his property. All persons
having occasion may, with his permission, transact busi-
ness with him by passing to and fro over the way."—
*Shrieve v. Mathis,* 63 N. J. Eq. 170, 178, 52 Atl. 234.
It is also stated that, "where a way is appurtenant to an
estate, it may be used by those who own or lawfully
occupy any part thereof and by all persons lawfully
going to or from such premises, whether they be men-
tioned in the grant or not."—14 Cyc. 1208.

The circumstances and conditions of the parties and
premises at the time of the leasing must be taken into
consideration; and, while the tenant could not put the
way to a use that would put an additional servitude on
the servient estate, yet it may be used for such purposes
as were reasonably within the contemplation of the par-
ties at the time of leasing. In the instance suggested
by the appellee, where a room in an office building is
rented to a lawyer, the character of the building and the
purpose for which the room is rented necessarily in-
dicate that it was within the contemplation of the par-

ties that clients and other persons having business with the lawyer should have free ingress and egress.

So the question arises whether, when a miner who is working the mines of a mine owner, leases a house on the premises to live in, it can be claimed as a right, by a third party who has a demand against the miner, to travel the road, against the protest of the owner, to collect his claim. There must be some line of distinction between a private way of necessity and a public way. The way of necessity is presumed only for the convenience of the tenant, and only so long as the necessity exists. As shown, he may invite persons to visit him, either socially or on business, and such persons, traveling the way, would not be trespassers; but, until he does extend the invitation, either actually or by implication, no third person can claim the benefit of using the private way.

While there was some proof in this case tending to show' that, previous to the time in question, the plaintiff had been visiting Minsu periodically, for the purpose of collecting the installments on the furniture as they became due, and this, in connection with the contract made, might afford on inference that the plaintiff was authorized by Minsu to visit him for that purpose, yet charge 15, requested by the defendant, does not hypothesize these facts, but merely that the desire of plaintiff to go to the house of Minsu to collect, etc., would not be a legal excuse, etc. The mere "desire of plaintiff to go to the house of Minsu to collect a bill would not be either legal cause or good excuse," unless it was shown to have been connected with circumstances showing Minsu's invitation or consent. Hence charge 15 should have been given.

Charge No. 3, given at the request of the plaintiff, does not hypothesize the invitation or consent of the

tenant for the plaintiff to visit him at his house, and should have been refused. Charge No. 8 does hypothesize the defendant's permission, and it was properly given.

Charge No. 18, requested by the defendant, was properly refused. As shown above, there is evidence in this case which tends to show that the plaintiff may have been invited by Minsu to visit the premises occupied by him, and, if that was the case, the "right" acquired by Minsu would inure to the benefit of plaintiff; and (referring to the latter part of the charge) if Minsu, by renting the house, "thereby acquired the right to have persons visit his house on business or pleasure, and to go over defendant's lands in doing so," that right, being appurtenant to the contract of renting, could not be taken away by the mere notice, while the contract of renting remained in force.—*Proudfoot v. Saffle*, 62 W. Va. 51, 57 S. E. 256, 12 L. R. A. (N. S.) 482. The invitation to others to visit him is not an assignment of the easement, within the authorities referred to by appellant (which, it may be further said, refer to personal easements, and not to those appurtenant to an estate), but is merely the exercise of the right which the tetnant acquires.

There was no error in overruling the demurrer to the fourth count of the complaint. If not good as a count for malicious prosecution, it was good as a count for false imprisonment.—*Davis v. Sanders*, 133 Ala. 275, 32 South. 499, and cases cited.

There was no error in admitting the testimony as to whether the debt was due by Minsu, nor as to whether there was any other way to reach Minsu's house, nor as to whether the road in question was the road usually traveled, as they all had a bearing upon the question of a way of necessity vel non, and as to whether that way had been established by consent.

It was error to admit testimony as to the agreement for attorney's fees. In the first place the attorney's fees were not specially claimed in the complaint, and, second, if they had been specially claimed, the amount recoverable would not be that agreed upon, but the amount proved to be reasonable.

Assignments of error 5, 6, 7, and 8 are not sustained. The questions objected to were, first, preliminary, to call the witness's attention to the time inquired about, and then to show that the duties of the guards were such as to place them under the direction of the defendant as to the matter of admitting persons on the premises, all of which was legitimate.

As the offense of trespass after warning would be complete when the premises were entered after having been warned according to law, it was improper to allow testimony as to whether the plaintiff was molesting the property.

The questions, on cross-examination, to the witness Tutwiler as to his presence and the presence of others at the trial, were admissible on cross-examination, as tending to show the part taken by said witness (who was the president of defendant) in the prosecution, and to test his recollection of the facts.—*Motes v. Bates,* 74 Ala. 374, 377.

The testimony regarding the establishment of a postoffice on the premises, and the allowance of others to go there, should have been excluded. There was no pretense that the plaintiff was going to the postoffice, and any permission given to others would not inure to him. —*Cross v. State,* 147 Ala. 125, 129, 41 South. 875.

There was no error in overruling the objections to the question to the witness Tutwiler as to the authority delegated by him to the guards, because, if the guards had authority to admit persons into the premises, then a per-

son entering by their permission entered by the permission of the defendant, and could not be guilty of a trespass for entering.

Charge 17, requested by the defendant, asserts no principle of law, and was properly refused.—*Morrison v. State,* 155 Ala. 115, 46 South. 647, 648.

Appellant claims that inasmuch as one count is for false imprisonment, and the offense was committed in the presence of the officer, who, under sections 6269-6273 of the Code of 1907, had a right to arrest, therefore the general charge asked as to said count should have been given; the argument of appellant being that, as the plaintiff was arrested by the officer for an offense committed in his presence, the arrest was legal, and therefore no recovery could be had for false imprisonment. The evidence is in conflict as to whether said arrest was made on the charge of refusing to leave after having entered, or on that of having entered unlawfully previously. There was no error in the refusal to give said charge.

There was no error in the refusal to give the general charge, requested by the defendant, as to malicious prosecution, as the evidence is not without conflict.

The judgment of the court is reversed, and the cause remanded.

Tyson, C. J., and Anderson and Denson, JJ., concur.