(103 So. 667)

## ALABAMA FUEL & IRON CO. v. COURSON.
### (7 Div. 543.)

(Supreme Court of Alabama.    April 9, 1925.)

1. **Landlord and tenant** ⬄134(2)—**Landlord may impose any terms not forbidden by specific law or public policy.**

   Landlord may impose any terms not forbidden by specific law or public policy, and stipulations are binding on both parties to contract.

2. **Landlord and tenant** ⬄134(2)—**Way of necessity may be limited or restricted by special contract.**

   Where landlord has reserved control of property not subject to lease of dwelling, tenant's way of necessity over dominant estate, which all persons could use at his permission for transacting required business with him, might be limited or restricted by special contract.

3. **Landlord and tenant** ⬄134(2)—**Restriction in lease that right of way was for use of tenant alone valid.**

   Restriction in lease of dwelling allowing right of way to tenant and family only, and reserving privilege of excluding any other, *held* valid, so that prosecution for trespass of one delivering can of oil to tenant after warning to stay off was within lessor's rights.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Action of malicious prosecution by Horace Courson against the Alabama Fuel & Iron Company. From a judgment granting plaintiff's motion for a new trial, defendant appeals. Reversed and rendered.

Percy, Benners & Burr, of Birmingham, for appellant.

It is legitimate for the lessor to control by contract the use of his property; and he incurs no liability to third parties by reason of restrictions in the lease. 35 C. J. § 380; Id., p. 1139, § 460; 36 C. J. §§ 668, 687, 721; 16 R. C. L. §§ 101, 222; Vinyard v. Republic I. & S. Co., 205 Ala. 269, 87 So. 555; Greil Bros. v. Mabson, 179 Ala. 450, 60 So. 876, 43 L. R. A. (N. S.) 664; Harris v. Keystone C. & C. Co., 255 Pa. 372, 100 A. 130; Brookside-Pratt M. Co. v. Booth, 211 Ala. 268, 100 So.

240, 33 A. L. R. 417; Alexander v. Ala. West. R. Co., 179 Ala. 484, 60 So. 295; Klebe v. U. S., 263 U. S. 188, 44 S. Ct. 59, 68 L. Ed. 244.

M. M. Smith, of Pell City, and W. A. Denson, of Birmingham, for appellee.

The restrictive provision of the lease is without binding force on third persons, even if valid as between lessor and lessee. Tutwiler C. & I. Co. v. Tuvin, 158 Ala. 657, 48 So. 79.

SAYRE, J. Plaintiff, Courson, sued the Alabama Fuel & Iron Company in an action of malicious prosecution. Verdict and judgment went for defendant, but, upon plaintiff's motion for a new trial, a venire de novo was awarded by the court, and from that order this appeal is prosecuted according to the statute in such cases made and provided.

Defendant owned a mining camp at Acmar. Jim Herring occupied one of defendant's houses under a written contract of lease, clauses of which read as follows:

"This lease is entered into by lessor because of the employment by lessor of lessee. * * * It is understood and agreed that the premises rented are a part of the plant facilities of the lessor. * * * Necessary ingress and egress over the adjoining premises of lessor to reach the nearest public highway are hereby given to lessee and the members of his family living with him; however, a way of ingress and egress may be designated by lessor, to the enjoyment whereof lessee and the members of his family living with him will thereafter be restricted; and lessor may at any time forbid ingress and egress over the adjoining premises of lessor to reach said premises to any and all persons other than lessee and the members of his family living with him."

Defendant had caused plaintiff to be arrested and prosecuted on a charge of trespass after warning because, as defendant's evidence went to prove, plaintiff, after warning, had gone upon its premises in order to deliver a can of oil to his customer, the wife of Jim Herring. The trial court, by admitting the lease contract in evidence, and by the giving and refusal of special instructions requested by defendant and plaintiff, indicated its judgment that the clause set out above witnessed a valid contract between defendant and Herring. The motion for a new trial was based exclusively on the ground that the court had erred in that judgment and the rulings giving it effect. We must assume, therefore, that the court's final conclusion was that the indicated clause of the lease contract was not enforceable against its tenant, Herring, or persons passing over defendant's premises to get to the premises held and occupied by Herring upon the latter's invitation, express or implied, or upon any business or errand which would have been lawful in the absence of the clause in question. The

---

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

correctness of this conclusion is the sole question presented for decision.

[1, 2] The premises were the private property of appellant. It had the right to impose such terms upon the use of its property, not forbidden by specific law or public policy, as its interest dictated, and, the tenant consenting, the stipulations of the contract of lease became obligatory on both parties. Thousand Island Park Association v. Tucker, 173 N. Y. 203, 65 N. E. 975, 60 L. R. A. 786. The contract shows a common intention that appellant's property not included in the lease should remain subject to its control, and, with a saving in favor of lessee and the members of his family living with him, should have a right to determine who might go upon or be excluded from it. True, of course, in the absence of the stipulation in question, appellant's lessee would have had a way of necessity over the dominant estate which all persons might, with his permission, use as occasion required for the transaction of business with him; but, as noted by this court in Tutwiler Coal Co. v. Tuvin, 158 Ala. 666, 48 So. 79, such way is a matter of presumption, and may be limited or restricted by special contract.

[3] Here we have a special contract limiting the use of appellant's other property for passage to the leased premises. The parties on either part were competent to enter into this contract; by it their respective rights are defined in clear and unambiguous terms, leaving nothing to intendment by implication; they entered into it freely so far as the record shows, and we are not advised of any principle of law or reasonableness that would prevent its enforcement. Neither court nor jury have authority to deprive appellant of the full exercise of the rights reserved in its own property. And, if these conclusions are correct, the contract in question witnesses a valid exercise of appellant's proprietary rights in its property, and its stipulations are due to be respected by the courts.

An even stronger case, upholding the rights of the owner of the dominant estate under a lease contract of this character, is Harris v. Keystone Coal & Coke Co., 255 Pa. 372, 100 A. 130. Nor does Tutwiler Coal Co. v. Tuvin, supra, which counsel invite the court to consider, hold anything to the contrary; rather, it supports the conclusion stated.

The court erred in granting a new trial; its judgment to that effect will be set aside, and a judgment entered here restoring the judgment for appellant to its original place upon the minutes of the trial court.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.