# CHARLESTON.

WOOLDRIDGE *v.* COUGHLIN *et al.*

Submitted January 26, 1899—Decided April 8, 1899.

1. EASEMENT—*Way of Necessity.*

    A way of necessity exists where land granted is completely environed by land of the grantor, or partially by his land and the land of strangers. The law implies from these facts that a private right of way over the grantor's lands was granted to the grantee as appurtenant to the estate. (p. 346).

2. EASEMENT—*Way of Necessity—Prescription.*

    Use of a private way from one's land over land of another for ten years with the acquiescence of that other will confer a right to such way, but, if the landowner does not acquiesce therein, but denies the right of way, such use will not confer the right of way. (p. 347).

Appeal from Circuit Court, Fayette County.

Suit by Thomas Wooldridge against Cornelius Coughlin and others. Decree for plaintiff, and defendants appeal.

*Affirmed.*

A. D. PRESTON and J. W. DAVIS, for appellants.

ST. CLAIR, WALKER & SUMMERFIELD, for appellee.

BRANNON, JUDGE:

Wooldridge sued out an injunction in the circuit court of Fayette against Coughlin to enjoin Coughlin from obstructing and hindering Wooldridge in the use of a private way leading from land of Wooldridge, over land of Coughlin, to a public road, and, the injunction having been perpetuated, Coughlin appealed to this Court. The facts of the case are that Cabell, being owner of a large tract of land in Fayette and Greenbrier Counties bordering on the east side of public highway called the "Old State Road," on September 2, 1871, conveyed to Hurley out of said tract a tract containing one thousand four hundred and sixty acres, no part of which touched

the old state road, thus leaving Cabell yet owner
of the land intervening between the land conveyed
to Hurley and the old state road. On May 22, 1873, Cabell
conveyed to Coughlin two tracts, being parts of said large
tract, bordering on the old state road, and lying between it
and the Hurley land, and cutting the Hurley land off from
said public road. On June 27, 1882, Hurley conveyed to
Wooldridge one hundred and five acres out of the one thou-
sand four hundred and sixty acres, said one hundred and
five acres lying back of and adjoining the Coughlin land.
Thus Wooldridge and Coughlin derived title from a com-
mon source (Cabell), the Wooldridge title emanating from
Cabell first in time. When the one thousand four hun-
dred and sixty acre tract was conveyed by Cabell
to Hurley, the land was in a state of nature, and,
so far as appears, that part of it conveyed by Hurley to
Wooldridge remained in a state of nature until 1882, when
Wooldridge moved upon it, made large improvements, built
a dwelling upon it, and resided upon it from 1882 until
he brought this suit. Wooldridge claims a way of neces-
sity. I think there can be no doubt that, the instant Cab-
ell conveyed to Hurley, Hurley had, under the law, a way
of necessity to the old state road, because between Hurley's
land and that road Cabell owned the land, and on the
other side, back of the Hurley land, rises a high mountain,
and, except the land then yet owned by Cabell, the
Hurley land was cut off from access to the outer
world by lands of other parties. The Wooldridge land
has no access to a public road, no outlet to court house,
church, mill, school, or other public places, except over
the Coughlin land, because a high mountain rises on the
other side, and land of another party (Brown) cuts it off
from outlet to the world. It seems that Wooldridge can
get out, and does get out occasionally, to a road in process
of construction, called the "Summers County Road"; but
it seems that to do so he has to go up the mountain by a
steep grade, and pass through land of not only Hurley, who
would be under obligations to concede Wooldridge a way of
necessity, but also Brown, a third party, who would not
be under such obligations; and the said Summers County
road is incomplete, ending in the woods, without connect-
ing with any public road. Thus this outlet cannot be said

to dispense with the way of necessity, vested in Wooldridge existing by reason of the conveyance by Cabell to Hurley, and the necessity of a way over Cabell's remaining land in favor of Hurley. This right of way was appurtentant to Hurley's estate in the land, if it existed, and is appurtenant to Wooldridge's estate in his land as an alienee of Hurley. I think such way of necessity exists. "A way of necessity exists where the land granted is completely environed by land of the grantor or partially by his land and the land of strangers. The law implies from these facts that a right of way over the grantor's land was granted to the grantee as appurtenant to the estate." Tied. Real Prop. Section 609; 19 Am. & Eng. Enc. Law, 96; *Rogerson* v. *Shepherd*, 33 W. Va. 307, (10 S. E. 632); *Boyd* v. *Woolwine*, 40 W. Va. 282, (21 S. E. 1020).

But it is said that, even if this way did once exist, it was lost by the statute of limitations, because it was not used from its birth on the conveyance from Cabell to Hurley, September 2, 1871, until after June 27, 1882, when Wooldridge moved upon the land,—a period of more than ten years; and it is claimed that this period barred the easement, as Coughlin was in actual possession of his land during that period, and the right of way was not exercised. It seems to me that mere nonuser of a way appurtenant to wild land would not destroy the right of way. The fact that Coughlin had possession of his land is not a material element, and would not affect the right of way, as Coughlin's possession was a matter of course, and it could coexist with right of way, and would not be in antagonism *per se* with that right of way. In almost every case of conceded right of way, whether by grant or necessity, there is actual possession of the land subject to such right of way. *Arnold* v. *Stevens*, 35 Am. Dec. 305; *Gray* v. *Bartlett*, 32 Am. Dec. 208, note. The statute limiting actions for recovery of actual possession of land does not, in terms, apply to incorporeal hereditaments, such as mere easements. If the owner of the servient land deny the easement, and his denial is known to the owner of the dominant land and there were no user thereafter of the way for the statutory period of ten years, it would defeat the right of way; but I do not see that such private right of way, once brought into being, could be defeated by simple

nonuser. *Warren* v. *Syme*, 7 W. Va. 474 (Syl., point 15); 1 Am. & Eng. Enc. Law (2d Ed.) 875; *Ford* v. *Harris*, (Ga.) 22 S. E. 144; Washb. Easem. 551. This would affirm the decree.

But another interesting question is discussed. Wooldridge claims that even if his right of way were lost by limitations, he subsequently acquired a right of way by prescription. Prescription properly applies only to incorporeal rights, and the statute of limitations to corporeal property. Jones, Easem. section 161. Prescription presumes, as defined at common law, that a grant was once made far back in time. In the past the length of time of user of the easement must have been so long that evidence of its commencement has become lost in its lapse. It must have been from a time "whereof the memory of man runneth not to the contrary." But that is all changed now; for, if there has been such actual use of the easement for the time fixed by statute for the recovery of corporeal property, that statute is applied by anology and the right becomes fixed and vested. However, between the old and new rules of prescription there is an important distinction. The flight of the long time requisite to vest the right under the old law afforded a conclusive presumption that there had been an express grant of the easement, its evidence lost by the tooth of time, and no proof that it never existed could be heard; whereas, under the new rule user for the statutory period raises only a *prima facie* presumption of a grant, which may be repelled. This distinction is important in this case. To establish a right of way under the modern law, it must appear that it has been exercised for the statutory period, with the acquiescence of the owner over whose land the way is claimed. True, such user without more, is taken to be with his acquiescence and knowledge, and prima facie gives the right; but if it appears that the user is against his protest, and that he denied the right, the right cannot become vested from time of user. *Field* v. *Brown*, 24 Grat. 74; *Nichols* v. *Ayler*, 7 Leigh, 546; Washb. Easem. 86, 111. Coughlin all along and frequently, as Wooldridge knew, denied the right, obstructed the way by tearing up a bridge over a stream on the line of the way, and serving written notice on Wooldridge to abstain from the use of the way. This

repels a way by prescription.   1 Am. & Eng. Enc. Law (2d Ed.) 875; Washb. Easem. 112.   So, if Wooldridge had not a right of way as an implied grant by reason of the deed from Cabell to Hurley, none could be based on prescription; but by reason of such way of necessity we affirm the decree.

*Affirmed.*