# CHARLESTON.

GWINN *et al.* v. GWINN.

Submitted September 21, 1915. Decided December 7, 1915.

1. DEEDS—*Habendum Clause—Construction and Effect.*

    In the habendum clause of a deed is found this language: To have and to hold the aforesaid tracts or parcels of land with the appurtenances unto the said W. L. G. his heirs and assigns forever with the express understanding that the said B. G. is to have the privilege of locating and keeping open a wagon road through said land", describing the route of the road. The said B. G. was not a party to the deed, and no such road existed at the time. *Held:* That this privilege to B. G. to locate and keep open this road is a limitation to the habendum clause to the extent only of conferring on B. G. a privilege to be exercised by himself, and is not a reservation by way of a reddendum clause. (p. 285).

2. EASEMENT—*"Way of Necessity."*

    A way of necessity exists where land granted is completely en-

vironed by land of the grantor, or partially by his land and the land of strangers. The law implies from these facts that a private right of way over the grantor's land was granted to the grantee as appurtenant to the estate. (p. 285).

3. SAME—*Acquisition by Acquiescence and Use—Private Way.*

Use of a private way from one's land over land of another for ten years with the acquiescence of that other will confer a right to such way, but, if the owner does not acquiesce therein, but denies the right of way, such use will not confer the right of way. (p. 288).

(LYNCH, JUDGE, absent.)

Appeal from Circuit Court, Summers County.

Suit by James R. Gwinn and others against L. W. Gwinn. From decree for plaintiffs, defendant appeals.

*Reversed, and bill dismissed.*

*Davis, Davis & Hall,* for appellant.

*T. N. Read,* for appellees.

MASON, JUDGE:

Breckenridge Gwinn and Lockridge Gwinn were brothers and owned adjoining lands. Breckenridge owned eighty acres and Lockridge owned two parcels, one containing forty-three acres, and another containing thirteen acres. John G. Gwinn, a son of Lockridge, owned another tract adjoining his father's land. It seems that Breckenridge Gwinn had some kind of interest in or claim to one of these parcels, but the nature of this claim or interest is not disclosed.

On the 13th day of March, 1879, Lockridge Gwinn and John G. Gwinn and wife conveyed these parcels of land to Wm. Leroy Gwinn. The deed was executed jointly, but the conveyances were made separately; that is, Lockridge Gwinn conveyed the 43 acre and the 13 acre tracts, and John G. Gwinn conveyed the other parcel. In that portion of the deed which John G. Gwinn and wife made, is this language, "And the said John G. Gwinn and Parthenia his wife for and in consideration of the sum of four hundred dollars, to them in hand paid by Breckenridge Gwinn, said amount having been paid to Breckenridge Gwinn by Lockridge Gwinn."

The habendum clause of the deed is as follows: "To have and to hold the aforesaid tracts or parcels of land with ap-

purtenances unto the said Wm. Leroy Gwinn his heirs and assigns forever with the express understanding that the said Breckenridge Gwinn is to have the privilege of locating and keeping open a wagon road through said land'', and fixing the route of the road. The controversy in this case arises out of the reservation of this road way. The land upon which this roadway was located at the time the deed was made, was an uncleared forest. Breckenridge Gwinn lived on his own land adjoining this land when the deed was made, and continued to live on it for three or four years thereafter, but never constructed a road on the land or used it. On the 2nd day of September, 1880, he sold his land to Samuel E. Gwinn, and moved off the land, Several sales were made of the Breckenridge Gwinn land, and on the 6th day of June, 1903, one of the plaintiffs, James R. Gwinn, became the owner, it is alleged, by deed from Mary C. Taylor. On the 27th day of June, 1894, there was conveyed to defendant Laban R. Gwinn by the heirs of Lockridge Gwinn, 56 acres; why or for what purpose this deed was made, does not appear. On the 21st day of December, 1899, Wm. Leroy Gwinn conveyed to the defendant 15 acres. This 15 acres is part of the land conveyed to Wm. Leroy Gwinn by Lockridge Gwinn by the deed of March 13, 1879, before referred to, and is alleged to be part of the 43 acres hereinbefore referred to. The right of way in controversy is located on this 15 acre tract.

None of the deeds for the 80 acre tract, owned by Breckenridge Gwinn March 13, 1879, nor for the lands conveyed to Laban R. Gwinn, except the deed of March 13, 1879, say anything about this right of way. The defendant Laban R. Gwinn, who now owns the 15 acre tract which includes the roadway in controversy, bought the same after the death of Breckenridge Gwinn.

From the foregoing statement of facts three questions are presented for the determination of this court, namely:

First: What estate if any did Breckenridge Gwinn take by the reservation under the deed of March 13, 1879? The deed describes his interest as ''the privilege of locating and keeping open a wagon road through the land.'' It does not appear that Breckenridge Gwinn had any right to the roadway except such as he acquired under this deed. It was a new

right created by this deed. The road did not exist at the time of this conveyance, was not built until some years afterwards, and was never used or accepted by him, although he lived for more than twenty years after that time. It does not appear that Breckenridge Gwinn ever owned the land upon which the road was to be located. The evidence with reference to his interest in some of the land conveyed by said deed is not sufficient to justify the conclusion that Breckenridge Gwinn ever owned the 15 acre tract, nor that this was ever a part of his 80 acre tract on which he lived, or that the land upon which the road is located and the 80 acre tract were ever parts of the same tract.

Appellant insists that if it is a reservation in favor of Breckenridge Gwinn, it is void, being made to a stranger; that "to make a reddendum good, if it be of anything newly created by the deed, the reservation must be to the grantors of same, or one of them, and not to a stranger to the deed." 1 Cooley's Blackstone, third edition, p. 299. See also *Martin* v. *Cook,* 102 Mich. 267, 273, 274; *Buchard* v. *Walter,* 58 Neb. 539, 542; *Haverhill Savings Bank* v. *Griffin,* 68 N. E. (Mass.) 839; *Ives* v. *Van Aucken,* 34 Barb. 566; Sheppard's Touchstone, 80. In *Murphy* v. *Lee,* 11 N. E. (Mass.) 552, it is said: "But, if there had been an express reservation of the right of way to the defendant's grantor, it would not have created an easement in him. He was not a party to the deed, and a reservation in a deed cannot create an easement in a stranger to it. *Stockwell* v. *Couillard,* 129 Mass., at page 231; *In re Young,* 11 R. I. 637; *Bridger* v. *Pierson,* 45 N. Y. 601; *Hornbeck* v. *Westbrook,* 9 Johns. 73." So an attempt to reserve a right to cut wood to a stranger is void. *Petition of Young,* 11 R. I. 536; and of a burial place, *Herbert* v. *Poe,* 72 Md. 307; so of a reservation of a strip of land to a railroad not a party to the deed; *Illinois Central Railroad Co.* v. *Indiana, Etc., Railroad Co.,* 85 Ill. 211. The same doctrine applies to ways, they can not be reserved to a stranger. "If created by reservation it must be to the grantor himself." Washburn on Easements, page 34. A deed may by reservation preserve an existing right of way in a stranger but cannot create it. *Bridger* v. *Pierson, supra.* In *Edwards Hall Co.* v. *Dresser,* 46 N. E. (Mass.) 420, it is said: "The first exception of the

plaintiffs relates to the right of the trustee of the estate of Edwards to use the passageway. The only deed which bears upon this is a deed from William Edwards to the defendant, dated May 1, 1860, in which is this clause: The grantor, 'reserving to himself, his heirs and assigns, and to John Edwards, the right to pass in and over the said premises to and from the land in the rear of their store, whenever they shall desire, unless the said Dresser, his heirs or assigns, shall provide some other and convenient way over his land adjoining the said premises to the north, to the parties aforesaid in its stead.' John Edwards was not a party to the deed, and the reservation to him was void. 1 Shep. Touch. (Presto Ed.); Washb. Easem. (4th Ed.) 34.''

But the view we take of this deed is that by it the grantors do not purport to convey an estate to Breckenridge Gwinn. The expression used in the deed only creates an exception of qualification to the habendum clause of the deed, and not a reservation by way of a reddendum clause. It is merely a limitation on the estate conveyed to Wm. Leroy Gwinn. The grantee, Wm. Leroy Gwinn, took an estate in fee, but burdened with a privilege reserved in favor of Breckenridge Gwinn—a privilege which becomes extinct at the death of Breckenridge Gwinn. It is quite clear that Breckenridge Gwinn acquired no right to the roadway under this deed, which would pass by inheritance to his heirs, or by deed to his grantees after his death.

The second question presented for determination is: Have the plaintiffs the right to this road as a way of necessity? ''A way of necessity arises as incident to a grant of land, surrounded wholly by that of the grantor, when otherwise the land granted would not be accessible, and the grantee would derive no benefit from the grant.'' In such grant the grantor ''is always understood to intend, as incident to the grant, whatever is necessary to give effect thereto, which is in the grantor's power to bestow.'' 2 Minor's Inst. (2nd ed.) 18. For further definitions see *Rogerson* v. *Shepherd*, 33 W. Va. 307; *Boyd* v. *Woolwine*, 40 W. Va. 282; *Wooldridge* v. *Coughlin*, 46 W. Va. 345; *Proudfoot* v. *Saffle*, 62 W. Va. 51.

The evidence is conflicting as to whether this road is necessary to enable the plaintiffs to travel from their homes to

the public road. The plaintiff James R. Gwinn holds under the Breckenridge Gwinn title, and Breckenridge Gwinn lived on the land many years, and for some four years after he had the privilege of using the way given him by the deed of March 13, 1879, yet he never used it. Breckenridge Gwinn conveyed his 80 acre tract to Samuel E. Gwinn, September 2, 1880. Samuel E. Gwinn's Trustee conveyed it to Samuel H. Gwinn, February 16, 1885. Samuel H. Gwinn conveyed it to Allen Taylor, November 14, 1889. Taylor conveyed to Tersia J. Arthur November 8, 1890, who held it until January 12, 1897. It was not until Mrs. Arthur bought the 80 acre tract that any effort was made to open this road. James B. Arthur, the husband of Tersia J. Arthur, in his deposition says he located this road in 1890, or the "fore part" of 1891. He says that while the road was being built by him, he was shown the deed of March 13, 1897, and says, "that is exactly the paper I went by in making the road." It will be noted that the road was not built for 11 or 12 years after the conveyance to Wm. Leroy Gwinn. Mrs. Arthur sold this land to Mary C. Taylor in 1897, and she sold to plaintiff James R. Gwinn June 6, 1903.

The defendant Laban R. Gwinn bought the 15 acres on which the roadway is located, December 21, 1899. Mrs. Taylor then owned the 80 acre tract. It does not appear that there was any trouble over the use of the road made by Arthur in 1890 or 1891, until after Laban R. Gwinn bought the 15 acre tract. He (Laban R. Gwinn) fenced this land and included the roadway. After this, and until the present time, persons who live where plaintiff resides, travel to the public road by another route. The evidence is conflicting on the question of the necessity of this road, but perhaps the most satisfactory conclusion is that the road was not used by the plaintiffs or their predecessors in title, except from the time Arthur built until Laban R. Gwinn fenced it. Prior to the year 1890 or 1891, there was no road there; and since Laban R. Gwinn fenced his land, the road has not been used, and another road was always used with these exceptions. In addition to this, as we have already seen, Breckenridge Gwinn had only "the privilege of locating and keeping open a wagon road", which expired at his death. None of the deeds under

which plaintiff James R. Gwinn holds, purports to convey this roadway or the land upon which it is located. Plaintiffs' titles do not possess the essential elements of a way of necessity. We, therefore, conclude that the plaintiffs are not entitled to a way of necessity.

Third: Do the plaintiffs have the right to use this road by prescription? Prescription is a mode at common law of acquiring title to incorporeal hereditaments by immemorial or long-continued enjoyment. Bouvier's Law Dictionary. The reason of this rule is that from length of time the law presumes that a grant of the right was once made, but not appearing has been lost.

Plaintiffs claim this way by prescription. This right is set forth in their bill and denied by defendant's answer.

The evidence shows, as before stated, that this road was built in 1890 or 1891, and that it was used by the Arthurs and by Mrs. Taylor at different periods until Laban R. Gwinn closed it. In that time another road was used at times, and this road was used but little, if any, for some time before Laban R. Gwinn fenced it. The plaintiff could not acquire title by prescription except by visible, continuous, uninterrupted use under a bona fide claim of right for a period long enough to raise the presumption that a grant was once made, but not appearing has been lost. The evidence is conflicting as to whether Wm. Leroy Gwinn, who then owned the 15 acres, acquiesced in the building of the road by Arthur. But it is not disputed that the defendant Laban R. Gwinn bought this land in 1899; that he fenced the land at once, or soon after he bought, and inclosed a portion of this road; and that since that time the defendant has held continuous possession of all said 15 acres, claiming it as his own and denying the right of any one to use said roadway.

As we have already indicated, prescription presumes, as defined at common law, that a grant was once made far back in time. In the least the length of time of user of the easement must have been so long that evidence of its commencement has become lost in its lapse. By the common law it must have been a time "whereof the memory of man runneth not to the contrary". "But that is all changed now; for, if there has been actual use of the easement for the time fixed by

statute for the recovery of corporeal property, the statute is applied by anology and the right becomes fixed and vested. However, between the old and new rules of prescription there is an important distinction. The flight of the long time requisite to vest the right under the old law afforded a conclusive presumption that there had been an express grant of the easement, its evidence lost by the tooth of time, and no proof that it never existed could be heard; whereas, under the new rule user for the statutory period raises only a *prima facie* presumption of the grant, which may be repelled. This distinction is important in this case. To establish a right of way under the modern law, it must appear that it has been exercised for the statutory period, with the acquiescence of the owner over whose land the way is claimed. True, such user without more, is taken to be with his acquiescence and knowledge, and prima facie gives the right; but if it appear that the user is against his protest, and that he denied the right, the right cannot become vested from time of user.'' *Wooldridge* v. *Coughlin, supra. Field* v. *Brown,* 24 Grat. 74; *Nichols* v. *Aylor,* 7 Leigh 546; Washburn on Easements, 86, 111.

It is not claimed that this road was located or built until in the last part of 1890, or early in 1891. Laban R. Gwinn bought in 1899, and denied the right, and obstructed the way by fencing it up, and has continued ever since to hold possession of all the land, including the roadway, so that under no circumstances could the road have been used or open for use more than eight or nine years, and that not continuously, without objections. This of itself repels a way by prescription.

So that, as the appellees, who were plaintiffs in the court below, acquire no title by the reservation contained in the deed of Lockridge Gwinn and others to Wm. Leroy Gwinn and others, dated March 13, 1879, and as they are not entitled to said road as a way of necessity or by prescription, we conclude that they have no title to said roadway, and reverse the decree appealed from and dismiss the bill.

*Reversed, and bill dismissed.*