BERKELEY DEVELOPMENT CORP.

*v.*

HUNTER HUTZLER

(No. 13641)

Decided November 16, 1976.

*Martin & Seibert, Clarence E. Martin, Jr., and William Richard McCune, Jr.,* for appellant.

*Radosh & Askin and Jerome Radosh* for appellee.

BERRY, CHIEF JUSTICE:

The appellant, Hunter Hutzler, seeks a reversal of a judgment of the Circuit Court of Berkeley County per-

manently enjoining him from entering on or across the lands of the appellee, Berkeley Development Corporation.

The parties are owners of adjacent tracts of real estate located in Gerrardstown District, Berkeley County, West Virginia. In 1972, the Berkeley Development Corporation acquired its 550 acre tract and began to develop it as a recreational, residential subdivision. By deed dated August 10, 1943, Mr. Hunter Hutzler purchased his 105 acre tract which, subsequent to its acquisition, has been used primarily as a source of timber or pulp wood. Hutzler does not reside on this land.

In 1974, the Berkeley Development Corporation initiated an action in the Circuit Court of Berkeley County to obtain an injunction against Hutzler to prohibit Hutzler from entering on the 550 acre tract and from interfering with the surface of that land. The appellee's complaint recited that Hutzler had entered on the land with equipment to cut trees and grade the surface. By way of defense to the appellee's action, Hutzler contended that he had a prescriptive easement, or, in the alternative, a private way of necessity across an existing road which ran from his land over the plaintiff's land and onto a public road.

At trial, it was stipulated that the tracts of the respective parties shared a common source of title, the two tracts having been originally owned by one Moses S. Grantham. It was further stipulated there were no express easements in any of the conveyances in the line of title of either party.

On behalf of the Berkeley Development Corporation, Mr. Gilbert R. Clarke, the organization's president, testified that prior to purchasing the 550 acres he spent a great deal of time examining the property. He stated that he walked over the common boundary and that he saw a faint trail which he assumed to be a logging trail. He stated that the inspection revealed no indication of any travel on the trail and that there was substantial

growth in the way. Mr. Clarke also observed that a small stream which crossed the trail had eroded its banks making passage impossible. It was Mr. Clarke's estimate that the trail had not been used for twelve to fifteen years prior to his inspection.

In advance of its purchase, the appellee had the 550 acre tract and some of the surrounding properties surveyed by a licensed land surveyor, Galtjo Geertsema. Geertsema, called as a witness on behalf of the appellee, described his survey and indicated that he observed the road in question at the time. Geertsema described the road as an old road, averaging approximately ten feet wide and running a thousand feet over the property of the Berkeley Development Corporation, from the point where it crossed the common boundary. The surveyor indicated that he did not observe any evidence of the use of the road although he stated that it was passable.

With reference to alternate ways of ingress and egress, neither Clarke or Geertsema could say with any degree of certainty that there were other roads from the Hutzler property to a public road.

The evidence adduced on behalf of the appellant was that the 105 acre tract had previously been an orchard and for a number of years the roadway in question was used by Hutzler's predecessor in title as a route for hauling fruit to a public road. Walker Brannon, the son of one of the appellee's predecessors in title, testified that the road had been in continuous use to his recollection for more than seventy years. Brannon stated that the road was first used to haul fruit and later to haul timber from the Hutzler property. Brannon indicated that the road followed substantially the same route as it did in 1901 and was in substantially the same condition except for the natural vegetative growth in the roadway. Brannon further testified that there was no other means of access to the Hutzler property except across a precipitous and difficult route which went across the property of others and which was passable only by horse and rider.

The appellant, Hunter Hutzler, testified that prior to his purchase of the tract, he had worked on the orchard and had hauled fruit over the road in question for a number of years. Hutzler indicated that the road had been used for a period of fifty years to his recollection, with the acquiescence of the previous owners of the Berkeley Development tract. In addition, Hutzler had, himself, hauled lumber across the road in the years following his purchase of the orchard tract. Finally, the appellant indicated that the road in question was the only means to get in and out of his property.

Elwood Hutzler, the son of the appellant, confirmed his father's testimony concerning the use of the road, the acquiescence of the previous owner of the adjacent land and the absence of any other way to a public road. In addition, Elwood Hutzler stated that he had personally used the road during the previous year.

On the evidence adduced, the circuit court held that the appellant had neither a prescriptive easement nor a way of necessity across the Berkeley Development tract. In accordance with this ruling, the court permanently enjoined Hutzler from entering on or across the appellee's land. Hutzler contends that the trial court erred in holding that he did not have an easement or right-of-way either by prescription or necessity over the land of the appellee. The appellee counters by arguing that the trial court was correct, but if either a prescriptive easement or a way of necessity was established, it was lost by virtue of the fact that the appellee obtained the property in question as a bona fide purchaser for value without notice of the existence of any easement over the land.

The burden of proving an easement rests on the party claiming such right and must be established by clear and convincing proof. *Fanti v. Welch,* 152 W. Va. 233, 161 S.E.2d 501 (1968); *Beckley National Exchange Bank v. Lilly,* 116 W. Va. 608, 182 S.E. 767 (1935); *Crosier v. Brown,* 66 W. Va. 273, 66 S.E. 326 (1909); 25 Am. Jur. 2d *Easements and Licenses* §118 (1966).

It is abundantly clear that the appellant established, by the requisite degree of proof in this case, an easement over the land of the appellee. This conclusion is supported by the evidence presented by both the appellant and the appellee.

First, there is no doubt about the existence of the roadway in question. While the parties have used different terms to characterize this road, the basic facts of its presence and location were confirmed by the statements of all witnesses, including the appellee's president and its surveyor, as well as the appellant and his corroborating witnesses. In addition, Hutzler, his son and others familiar with the tracts involved, testified, without contradiction, to the continuous use of the road for more than seventy years. Finally, it was virtually stipulated that the private way connected with a public road and the appellee offered nothing to rebut the appellant's unequivocal proof that there was no other reasonable means of ingress and egress to the 105 acre tract. These circumstances patently establish the essential elements of both an easement by prescription and a way of necessity. However, the general rule is that these two easements are distinguished one from the other since they arise by virtue of different and mutually exclusive conditions. Thus, the existence of a prescriptive easement negates the requisite necessity for a way of necessity. Similarly, if a way of necessity exists, its use is not adverse so as to confer a prescriptive right. 25 Am. Jur. 2d *Easements and Licenses* §§34 & 47 (1966).

In order to establish an easement by prescription, the use of a private way over the land of another must be continuous and uninterrupted for a period of ten years under a bona fide claim of right, adverse to the owner of the land, and with his knowledge and silence. *Town of Paden City v. Felton,* 136 W. Va. 127, 66 S.E.2d 280 (1951); *Derifield v. Maynard,* 126 W. Va. 750, 30 S.E.2d 10 (1944); *Post v. Wallace,* 119 W. Va. 132, 192 S.E. 112 (1937); *Foreman v. Greenburg,* 88 W. Va. 376, 106 S.E. 876 (1921); *Crosier v. Brown, supra.* This principle is succinctly stated in the second syllabus point of *Post v. Wallace, supra:*

> "The open, continuous and uninterrupted use of a road over the land of another, under *bona fide* claim of right, and without objection from the owner, for a period of ten years, creates in the user of such road a right by prescription to the continued use thereof."

It is apparent from the authorities that, in the absence of a higher right, the evidence of the case at bar pertaining to an easement by prescription clearly establishes the appellant's right to such easement for the use of a private way over the land of the appellant.

Notwithstanding the fact that the record developed below is sufficient to support the finding of a prescriptive easement in favor of the appellant, the evidence also establishes a way of necessity. As was noted above, it was essentially stipulated that the tracts owned by the parties were at a prior time a part of a larger tract owned by the same person. Thus, by definition, the parties derived their respective titles from a common source. This fact is essential to demonstrate a way of necessity inasmuch as it cannot exist if the two tracts had never shared common ownership. 2 Thompson, *Real Property* §363 (1961 Repl. Vol.).

The rationale behind the way of necessity is that the law implies an easement over the servient estate where the grantor owns and conveys a portion of the original lands without expressly providing a means of ingress and egress. This reasoning is reflected in Syllabus Point 2 in *Gwinn v. Gwinn*, 77 W. Va. 281, 87 S.E. 371 (1915):

> "A way of necessity exists where land granted is completely environed by land of the grantor, or partially by his land and the land of strangers. The law implies from these facts that a private right of way over the grantor's land was granted to the grantee as appurtenant to the estate."

In order for a way of necessity to be created or established there must be a reasonable necessity for an ease-

ment over the lands of a grantor for the grantee or his successors to have access to a public road and to thereby have full use of the lands conveyed. *Derifield v. Maynard, supra; Dewitt v. Elmore,* 112 W. Va. 617, 166 S.E. 271 (1932); *Crotty v. Coal Company,* 72 W. Va. 68, 78 S.E. 233 (1913).

A way of necessity having been created by implication for the benefit of the grantee of the dominant estate or his successors, thereafter, it cannot be extinguished so long as the necessity continues to exist. *Crotty v. Coal Company, supra; Proudfoot v. Saffle,* 62 W. Va. 51, 57 S.E. 256 (1907).

Applying the applicable principles outlined above to the evidence developed in the trial court, this Court concludes that the appellant has demonstrated the requisite elements of a way of necessity over the land of the appellee. It is not questioned that the parties derived their title to the lands in question from a common source and all the evidence introduced by both the plaintiff and the defendant confirms the fact that there is no reasonable way for the appellant to obtain access to a public way except over the road in question.

It is contended by the appellee that it purchased the 550 acre tract of land without any notice of the existence of an easement over such land, and as a consequence, any easement which the appellant may have had was therefore extinguished. We reject this argument. In the first place, the evidence indicates that the appellee, through its president and its surveyor, was aware of the existence of the roadway in question. The statements of both of these witnesses clearly showed their knowledge that there was a trail or old road on the line where the appellant claimed his easement to be. On this set of facts, it is apparent that the appellee had actual notice of the existence of the easement and there was no extinguishment by virtue of the purchase of the servient estate. Even if it were assumed that the appellee had no notice of the existence of the roadway, it could not prevail. The rule that a bona fide purchaser

for value who takes the servient estate without knowledge of an existing easement is relieved of a prescriptive easement does not apply to a way of necessity. A way of necessity exists in favor of a dominant estate whether it is used or not, since, as has been previously stated, the implied easement continues so long as the necessity exists. *Dewitt v. Elmore, supra; Proudfoot v. Saffle, supra; Patton v. Quarrier*, 18 W. Va. 447 (1881).

Having determined that the record of the trial court below sustains the conclusion that the appellant demonstrated an easement, either by prescription or by necessity, and that the appellee acquired its land with actual notice of the easement, it remains only to determine, as between the two possibilities, which easement is most consonant with the evidence. We are of the opinion that the proof, taken as a whole, more directly supports the implied easement than the prescriptive right. Therefore, we hold that the appellant is entitled to use the roadway across the appellee's land as a way of necessity to and from his 105 acre tract.

The judgment of the Circuit Court of Berkeley County is, therefore, reversed and judgment is entered here for the appellant.

*Reversed and judgment entered here.*