295 S.E.2d 32

**William B. CAREY**

v.

**Robert CAMPBELL and Sandra Campbell.**

**William B. CAREY**

v.

**Robert J. CAMPBELL, et al.**

**Nos. 15307A, 15516.**

Supreme Court of Appeals of West Virginia.

July 14, 1982.

Rehearing Denied Sept. 16, 1982.

**542**

William B. Carey, pro se, Berkeley Springs.

Rice, Hannis & Douglas and Richard L. Douglas, Martinsburg, for respondents-appellees.

PER CURIAM:

This is an appeal from a final judgment of the Circuit Court of Morgan County entered on July 14, 1981. The appellant, William B. Carey, contends, *inter alia,* that the court erred in finding that he had not acquired an easement over the property of the appellees, Robert and Sandra Campbell. For the reasons set forth below, we affirm.

The parties are owners of adjacent tracts of land located in the Rock Gap District of Morgan County. They acquired their respective properties in 1969. In November of 1981 the appellant filed a petition for an injunction claiming that the appellees had wrongfully closed a dirt lane running through their property which provided him access to his own land. The appellant contended that the lane had been open in 1969 when the parties purchased their properties and had remained open until the appellees blocked the lane in 1981 by erecting fences and gates and plowing the land beneath the lane. He also contended that he and his predecessors in title had established an easement to use the appellees' lane.

The court issued a temporary injunction directing that the lane be reopened. A trial was subsequently had before the court sitting in lieu of a jury. At the conclusion of the taking of evidence, the court found that the appellant had no legal right to use the appellees' property and dissolved the injunction previously issued. At trial, the appellant had argued that he had various types of easements over the lane in question: an easement of necessity, an easement by prescription, and an easement by implication. He also argued that the land was a public road. In his written opinion and order, the trial judge discussed each of these arguments separately and set forth the reasons why the evidence did not support each.

In this State "[t]he burden of proving an easement rests on the party claiming such right and must be established by clear and convincing proof." Syl. pt. 1, *Berkeley Development Corp. v. Hutzler,* 159 W.Va. 844, 229 S.E.2d 732 (1976). After a thorough review of the record in this case, we conclude that the appellant did not meet his burden of proof and that the trial court's decision was correct. It is well settled that:

A finding of fact made by a trial chancellor or by a trial court sitting in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed by this Court on appeal unless the evidence plainly and decidedly preponderates against such finding. Syl. pt. 8, *Sanders v. Roselawn Memorial Gardens, Inc.,* 152 W.Va. 91, 159 S.E.2d 784 (1968).

The purpose of the writ of prohibition in the companion case to this appeal was to preserve the status quo pending disposition of the merits of this case. The purpose has been served and the writ of prohibition is therefore dismissed. The order of the circuit court denying relief from judgment entered on February 8, 1982, is also affirmed.

Accordingly, the judgment of the Circuit Court of Morgan County is affirmed. The writ of prohibition previously issued by this Court is dismissed.

No. 15307A—Writ Dismissed

No. 15516—Affirmed.