559 S.E.2d 905

Stanley Andrew SHEPHERD and Margaret Ann Shepherd, Plaintiffs Below, Appellees,

v.

Marvin YOHO and Joyce Yoho, Defendants Below, Appellants.

No. 28491.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 20, 2001.

Decided May 3, 2001.

C. Edward McDonough, Esq., Bowles Rice McDavid Graff & Love, Parkersburg, for Appellant.

George J. Cosenza, Esq., Cosenza, Underwood & Merrimam, Parkersburg, for Appellees.

PER CURIAM.

This case is before this Court upon appeal of a final order of the Circuit Court of Wood

County entered on April 12, 2000, granting summary judgment in favor of the appellees and plaintiffs below, Stanley and Margaret Shepherd (hereinafter "the Shepherds"). The circuit court ordered that the Shepherds shall have the exclusive use of a twelve-foot right of way located on property owned by the appellants and defendants below, Marvin and Joyce Yoho (hereinafter "the Yohos"). The circuit court also permanently enjoined the Yohos from using the right of way. In this appeal, the Yohos contend that the circuit court erred by prohibiting them from using their own land and by dismissing their counterclaim for damages resulting from the Shepherds placing gates across the right of way.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order of the circuit court is reversed. In addition, this case is remanded to the circuit court for entry of an order granting summary judgment in favor of the Yohos and for a trial on damages resulting from the Shepherds placing gates across the right of way.

## I.

The Shepherds and the Yohos own adjoining tracts of real estate in Wood County, West Virginia. The Shepherds purchased their property which consists of three separate tracts in 1990, 1992, and 1995. The Yohos purchased their land on January 29, 1999. This case arises out of the reservation of a right of way by a predecessor in title of the parties in a deed dated March 7, 1918, and recorded in the Office of the Clerk of the County Commission of Wood County. The deed provides that:

> There is retained over and through this boundary of land a right-of-way on or near the road now traveled down the run; which right-of-way is for the perpetual use of the first party and his assigns.

This right of way runs through the Yohos' property onto the Shepherds' property.

In addition to the reservation of the right of way in the 1918 deed, William E. Adams granted the Shepherds a right of way easement across the land now owned by the Yohos on December 14, 1990. The right of way deed states:

> It is agreed and understood the right of way hereby granted is a private right of way for use by the Grantees and their invitees and is limited to use for ingress, egress and regress to said 30–acre tract of the Grantees. The Grantors, their heirs or assigns shall have the express right to use this right of way at any and all times.

Sometime prior to June 23, 1999, the Shepherds placed two gates across the right of way. In response, the Yohos sent a letter to the Shepherds requesting that they remove the gates and signs which they had posted. Thereafter, several letters passed back and forth between counsel for the parties. However, the matter could not be resolved. As a result, the Shepherds filed a complaint in the Circuit Court of Wood County on December 21, 1999, seeking a declaratory judgment as to the respective rights of the parties.

It appears that by error, the Shepherds made reference in their complaint to a right of way in a deed conveying property to them. However, a review of the entire record indicates that the disputed right of way is on the property owned by the Yohos. The circuit court granted summary judgment on April 12, 2000. Unfortunately, the circuit court's ruling refers to the right of way as described in the complaint. As noted above, the circuit court granted exclusive use of the right of way to the Shepherds and enjoined the Yohos from using it.[1]

## II.

 We begin our analysis of this case by noting that "[a] circuit court's entry of summary judgment is reviewed *de novo.*" Syllabus Point 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). Pursuant

---

1. The Yohos state in their brief that when they filed the petition for appeal in this case, they also filed a motion pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure with the circuit court to vacate the judgment or in the alternative, to clarify the circuit court's final order. A hearing was held on September 11, 2000, at which time the circuit court refused to consider the Yohos' motion because the present appeal was pending. However, counsel for the parties did agree that the right of way at issue is located on the tract of land owned by the Yohos.

to Rule 56 of the West Virginia Rules of Civil Procedure, summary judgment is required when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This Court has also held that, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

■ At the outset, the Yohos state that they do not contest the right of the Shepherds to use the easement in question. However, they contend that the deed to their property as well as the deeds to the Shepherds' property do not grant an exclusive right of way to the Shepherds. The Yohos further assert that the easement granted to the Shepherds on December 14, 1990, by William E. Adams was not intended for the Shepherds' exclusive use. The Yohos note that the December 14, 1990 right of way deed states that "[t]he grantors, their heirs or assigns shall have the express use of this right of way at any and all times." As direct successor in title to William E. Adams, the Yohos claim that the reservation in the easement passed to them. We agree.

■ "The burden of proving an easement rests on the party claiming such right and must be established by clear and convincing proof." Syllabus Point 1, *Berkeley Dev. Corp. v. Hutzler*, 159 W.Va. 844, 229 S.E.2d 732 (1976). Although both parties agree that an easement exists over the Yohos' property, the Shepherds maintain that they have the exclusive right to use the right of way. The circuit court agreed and granted summary judgment in their favor. However, upon review of the record, we find that the evidence does not support this decision.

■ As a general rule, "where one acquires an easement over the property of another by an express grant, the use of that easement must be confined to the terms and purposes of the grant." *Hoffman v. Smith*, 172 W.Va. 698, 700–01, 310 S.E.2d 216, 218 (1983). It is also a well-established principle of law that the servient estate owner has all the rights and benefits of ownership consistent with the easement including the right to continue to use the land unless there is an express reservation to the contrary. 25 Am. Jur.2d *Easements and Licenses* § 98 (1996); 6B Michie's Jurisprudence *Easements* § 6 (1998). In this case, the 1918 deed quoted above merely created a right of way for perpetual use. The language in the deed does not establish or even imply that the right of way is for the exclusive use of the dominant estate owner. Likewise, subsequent deeds in the chain of title reference the right of way, but none contain an exclusive reservation of the right of way.

Moreover, the 1990 right of way deed executed by William E. Adams specifically reserves for the grantor and his assigns "the express right to use the right of way at any and all times." William E. Adams was the direct predecessor in title to the Yohos, and thus as his assigns, the Yohos have the right to use the right of way. Of course, the Yohos may not unreasonably interfere with the Shepherds' use of the right of way. *Id.*

Thus, after a thorough review of the record in this case, we find that the circuit court erred by granting summary judgment in favor of the Shepherds. While the Shepherds clearly have a right of way over the property owned by the Yohos, the evidence shows that the right of way is not for their exclusive use. The final order of the circuit court is therefore, reversed. In addition, since there are no genuine issues of material fact, we find that the Yohos are entitled to summary judgment as a matter of law. Having found that the Yohos have been improperly enjoined from using their property, we further find that the circuit court erred by dismissing their counterclaim for damages resulting from the Shepherds placing gates across the right of way. Accordingly, this case is remanded to the Circuit Court of Wood County for entry of an order granting summary judgment in favor of the Yohos and for a trial on damages resulting from the Shepherds placing gates across the right of way.

Reversed and remanded.