## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**JPMorgan Chase Bank, N.A.,**
**Intervenor Plaintiff Below, Petitioner**

**FILED**

June 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 11-1530 (Raleigh County 10-C-139)**

**ByPass Plaza 1989 Limited Partnership,**
**Defendant Below, Respondent**


## MEMORANDUM DECISION

Petitioner JPMorgan Chase Bank, N.A. ("Chase Bank"), by counsel Jonathan Nicol, appeals the Circuit Court of Raleigh County's order entered on October 7, 2011, denying a permanent injunction. Respondent ByPass Plaza 1989 Limited Partnership ("ByPass"), by counsel John J. Mize, responds in support of the order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent ByPass owns real property in Beckley that contains a shopping plaza and a large parking lot. ByPass's parking lot, which has direct access to both Robert C. Byrd Drive and Industrial Drive, is also used as a means of vehicular ingress and egress to nearby businesses including a medical office owned by Dr. George E. Lovegrove and a bank owned by Petitioner Chase Bank.

The Lovegrove and Chase Bank properties are situated beside one another and have connecting parking lots. There was evidence presented at the bench trial that Dr. Lovegrove and Chase Bank have easements to cross one another's properties. Both properties are situated along Robert C. Byrd Drive, but they do not have direct access points onto Robert C. Byrd Drive. To access the Lovegrove lot, vehicles use either the ByPass lot (on one side of the Lovegrove lot) or the Chase Bank lot (on the opposite side of the Lovegrove lot). The Chase Bank property sits on the corner of Robert C. Byrd Drive and Industrial Drive and has its own direct access point to Industrial Drive. However, people frequently drive across the ByPass and Lovegrove lots to enter and exit the Chase Bank lot.

1

In early 2010, ByPass installed concrete barriers on its own property that blocked vehicular access between its lot and the Lovegrove lot.[1] Thus, vehicles could only access Dr. Lovegrove's office and Chase Bank by entering the Chase Bank lot from Industrial Drive. Dr. Lovegrove filed a petition in circuit court seeking to permanently enjoin ByPass from blocking its lot. In compliance with a preliminary injunction, ByPass removed the barriers pending the outcome of this litigation. Chase Bank was permitted to intervene as a plaintiff.

Although these properties were originally severed from a common parcel, there is no express grant of an easement over ByPass's lot for the benefit of these other parcels. Dr. Lovegrove asserted that he had a prescriptive easement over ByPass's lot, while both Dr. Lovegrove and Chase Bank asserted that they had easements implied by prior use over ByPass's lot. After a bench trial, the circuit court found that neither type of easement was proven. In its October 7, 2011, order, the circuit court denied the request for permanent injunction and dissolved the preliminary injunction.

Chase Bank appealed to this Court, to which ByPass filed a cross-assignment of error. Dr. Lovegrove did not appeal. When considering the denial of a permanent injunction, we apply the following standard of review:

> "Unless an absolute right to injunctive relief is conferred by statute, the power to grant or refuse to modify, continue, or dissolve a temporary or a permanent injunction, whether preventative or mandatory in character, ordinarily rests in the sound discretion of the trial court, according to the facts and the circumstances of the particular case; and its action in the exercise of its discretion will not be disturbed on appeal in the absence of a clear showing of an abuse of such discretion.' Syllabus Point 11, *Stuart v. Lake Washington Realty*, 141 W.Va. 627, 92 S.E.2d 891 (1956).

Syl. Pt. 5, *Foster v. Orchard Dev. Co., LLC*, 227 W.Va. 119, 705 S.E.2d 816 (2010). Furthermore, we apply the following standard to decisions made after a bench trial:

> "In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. pt. 1, *Public Citizen, Inc. v. First Nat. Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

Syl. Pt. 1, *Quicken Loans, Inc. v. Brown*, 230 W.Va. 306, 737 S.E.2d 640 (2012).

---

[1] ByPass installed the barriers after it and Dr. Lovegrove were unable to reach an agreement regarding Dr. Lovegrove financially contributing toward the maintenance of ByPass's parking lot.

**DISCUSSION**

Chase Bank argues that the circuit court erred when it found that Chase does not have an easement implied by a prior use. As we explained in *Cobb v. Daugherty*, 225 W.Va. 435, 693 S.E.2d 800 (2010), this type of easement depends upon how properties were used before and at the time of severance from a unified tract:

> An easement implied by a prior or preexisting use arises in situations where, before a unified tract of land was severed into smaller parcels, the landowner used one section of his unified tract in a way that benefitted another portion of the unified tract—say, for a road or a pipeline. After the unified tract of land was severed into different parcels, if that prior use was apparent to the parties to the severance, continuous, and necessary to the enjoyment of one of the parcels, then an easement can be said to be implied by the use of the land prior to severance.

*Id.* at 446-47, 693 S.E.2d at 811-12.

> To establish an easement implied by a prior use of the land, a party must prove four elements: (1) prior common ownership of the dominant and servient estates; (2) severance (that is, a conveyance of the dominant and/or servient estates to another); (3) the use giving rise to the asserted easement was in existence at the time of the conveyance dividing the property, and the use has been so long continued and so obvious as to show that the parties to the conveyance intended and meant for the use to be permanent; and (4) the easement was necessary at the time of the severance for the proper and reasonable enjoyment of the dominant estate.

Syl. Pt. 6, *Cobb*. Finally, "'[t]he burden of proving an easement rests on the party claiming such right and must be established by clear and convincing proof.' Syllabus point 1, *Berkeley Development Corp. v. Hutzler*, 159 W.Va. 844, 229 S.E.2d 732 (1976)." Syl. Pt. 2, *Cobb*.

The circuit court found that neither Dr. Lovegrove nor Chase Bank produced clear and convincing evidence to prove the fourth *Cobb* element, i.e., that an easement across ByPass's lot was necessary to reach their lots at the time of severance. Chase Bank argues that the circuit court erroneously reached this conclusion by relying upon mistakes of fact.

To understand Chase Bank's argument, it is necessary to understand the layout of these lots in 1968 and 1972. The two properties that are now owned by Chase Bank and Dr. Lovegrove were severed from a common plot owned by ByPass's predecessor company. In 1968, a parcel with direct access to Industrial Drive was conveyed to Reproco, Inc. In 1972, the neighboring parcel was conveyed to Cardinal State Bank. Chase Bank now owns the old Reproco property and part of the old Cardinal property, while Dr. Lovegrove owns the remaining portion of the old Cardinal parcel. Although the Reproco property had (and still has) direct access to Industrial Drive, the Cardinal property did not. The circuit court nonetheless found that the Cardinal

3

property could be reached by crossing the Reproco property, thus in 1972 it was unnecessary to use the ByPass lot.

Chase Bank argues that the circuit court erroneously assumed that Cardinal had an easement across the Reproco lot in 1972. Furthermore, Chase Bank argues that the circuit court failed to appreciate that ByPass's predecessor had retained a thirty-foot wide strip of land between the Cardinal and Reproco parcels—thus the Cardinal property was surrounded on three sides by ByPass's property (the fourth side was U.S. Route 21, now Robert C. Byrd Drive). Chase Bank argues that even if Cardinal did have an easement across the Reproco lot, Cardinal's employees and customers would still have had to cross over some part of ByPass's property.

Upon a careful consideration of the parties' arguments and the record on appeal, we are not persuaded that the circuit court was clearly erroneous in its findings of fact or that it abused its discretion in denying the permanent injunction. Chase Bank had the burden of proving the four *Cobb* elements by clear and convincing evidence. Although Chase Bank argues that the evidence presented does not show that Cardinal had permission to cross the Reproco lot in 1972, the evidence also does not show that it did *not* have this permission. Only one witness, Gloria Taylor, had any knowledge of these properties in 1972, and by her own admission, she was only "somewhat" familiar with them because, as a child, she visited the ByPass shopping plaza. Ms. Taylor simply could not remember for certain how people accessed the Cardinal lot in 1972 and earlier. There was no evidence at all about how the Reproco lot was used in 1972.

Furthermore, in order to prove that use of the ByPass lot was necessary in 1972, Chase Bank also had to prove by clear and convincing evidence that Cardinal did not have access to then-U.S. Route 21 (now Robert C. Byrd Drive). The Cardinal property is directly beside that road. Ms. Taylor testified that in the 1970's there was a drainage ditch running beside U.S. Route 21, and part of that ditch is still there today. The circuit judge offered his own recollection that this was a "little white stick creek that traveled along" the roadway. However, Chase Bank did not prove that Cardinal could not have constructed a means of crossing the ditch/creek, or that there was some other reason that access to U.S. Route 21 would not have been possible in 1972. Based upon the date of an old newspaper clipping, Chase Bank argues that there would not have been sufficient time before Cardinal opened for business to construct a bridge at a reasonable expense, but that argument amounts to pure speculation.

Moreover, we are persuaded by ByPass's argument in its cross-assignment of error, specifically, that the circuit court erred when finding that Chase Bank proved the third *Cobb* element. For this element, Chase had to prove by clear and convincing evidence that "the use giving rise to the asserted easement was in existence at the time of the conveyance dividing the property, and the use ha[d] been so long continued and so obvious as to show that the parties to the conveyance intended and meant for the use to be permanent[.]" *Cobb*, Syl. Pt. 6, in part. There was no evidence presented at the bench trial that, when the Cardinal lot was severed in 1972, there was an existing vehicular route between the Cardinal lot and the property retained by ByPass's predecessor. There was certainly no evidence that use of such an entrance had been so long continued and obvious as to show that the parties had intended for the use to be permanent. Although witnesses testified about the use of the disputed route over the years *after* the Cardinal lot was conveyed, that evidence does not prove an easement implied by a prior use.

4

For the foregoing reasons, we affirm the circuit court's order refusing to grant a permanent injunction.

Affirmed.

**ISSUED:**  June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II